**Philip R. TOTONELLY, Jr., Plaintiff,**

v.

**CARDIOLOGY ASSOCIATES
OF CORPUS CHRISTI,
INC., Defendant.**

**No. 96 CV 1720.**

United States District Court,
S.D. New York.

Sept. 4, 1996.

---

Stephen A. Bitterman, Austria Bitterman & Cohen, Goshen, NY, for Plaintiff.

Allan B. Rappleyea, Vincent DeBiase, Corbally, Gartland and Rappleyea, Poughkeepsie, NY, for Defendant.

## ORDER

PARKER, District Judge.

■ This diversity action for breach of contract and fraud is before this Court on plaintiff's motion for reargument and reconsideration of this Court's Memorandum Decision and Order, dated July 31, 1996, granting defendant's motion to transfer venue to the District Court of the Southern District of Texas ("Order"). A motion for reconsideration or reargument may only be granted when the court has "overlooked matters or controlling decisions which, had they been considered, might reasonably have altered the result reached by the court." *Consolidated Gold Fields v. Anglo American Corp.*, 713 F.Supp. 1457, 1476 (S.D.N.Y.1989).

Plaintiff moves for reargument and reconsideration of the Order on the grounds that it (1) was issued in contravention of Rule 7 of the Federal Rules of Civil Procedure[1] and Local Rule 3(d),[2] (2) was not issued in the interest of justice or for the convenience of material witnesses, and (3) was issued in reliance on fraudulent evidence. In the alternative, plaintiff requests this Court to certify an appeal under 28 U.S.C. § 1292. Because plaintiff has not presented this Court with any overlooked matters or controlling decisions which might reasonably have altered this Court's Order, its motion for reargument and reconsideration is denied. In addition, this Court declines to certify for appeal questions raised in plaintiff's motion for reargument and reconsideration.

Defendant originally moved to dismiss this action for lack of personal jurisdiction, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, and for improper venue, pursuant to 28 U.S.C. § 1391 and Rule 12(b)(3) of the Federal Rules of Civil Procedure. In opposition, plaintiff argued that 28 U.S.C. § 1391 was inapplicable to this removed action. In its reply, defendant conceded that venue was proper under 28 U.S.C. § 1441(a), but argued that transfer was appropriate under 28 U.S.C. § 1404(a).

In connection with the filing of his motion papers, plaintiff's counsel had been advised by my chambers that I generally find a surreply unnecessary, and therefore discourage its filing, but if a reply raises a new issue, I permit the filing of a surreply if done quickly and briefly. Thus, upon receipt of defendant's reply papers, plaintiff's counsel telephoned my chambers and advised my law clerk that because the reply papers raised a new issue with regard to transfer, he would be filing a surreply in letter form. The surreply was received in chambers on June 11, 1996.[3] Oral argument was held on July 29, 1996.

---

1. Rule 7 provides, in part, "[a]n application to the court for an order shall be by motion which ... shall state with particularity the grounds therefor, and shall set forth the relief or order sought." Fed.R.Civ.P. 7(b)(1).

2. Local Rule 3(d) provides "[u]pon any motion based upon rules or statutes the notice of motion or order to show cause shall specify the rules or statutes upon which the motion is predicated. If such specification has not been made, the motion may be stricken from the calendar."

3. In its surreply, plaintiff argues that "[d]efendant's reliance on 28 U.S.C. Section 1404(a) raised for the first time in its Reply, is improper and should be disregarded by this Court. Even if 28 U.S.C. 1404(a) was properly raised in defendant's initial motion, it would be inappropriate to permit defendant in the context of this action to defend this suit on its home court, for the reasons set forth in the affidavits of plaintiff and his spouse Pamela Totonelly, submitted with plaintiff's initial opposition papers to the instant motion."

Because plaintiff had notice of the motion to transfer and an opportunity to respond both in the form of a surreply and at oral argument, this Court denies plaintiff's motion for reargument and reconsideration on the ground that the Order was issued in violation of Local Rule 3(d) and Rule 7 of the Federal Rules of Civil Procedure. Moreover, a district court may order transfer *sua sponte*, after giving the parties notice and an opportunity to be heard. *See Lead Industries Assoc. v. Occupational Safety and Health Admin.*, 610 F.2d 70, 79 n. 17 (2d Cir.1979); *Kelly v. Kelly*, 911 F.Supp. 70, 71 (N.D.N.Y.1996). Thus, even if transfer had not been properly raised in defendant's motion papers, because plaintiff was given notice and an opportunity to be heard, this Court could properly have ordered the transfer.

In support of its motion for reargument and reconsideration, plaintiff argues that because a principal of the defendant in this action is married to a federal court judge sitting in Corpus Christi, Texas, transfer to the Southern District of Texas would not be in the interest of justice. Plaintiff also requests the opportunity to present this Court with an affidavit establishing that a key witness to the underlying agreement will not be subject to the subpoena power of a Texas court.

Plaintiff's argument that transfer is not proper because a federal judge in Texas is married to a principal of the defendant is unpersuasive. In the event that judge is assigned to this action upon transfer, plaintiff may move for appropriate relief, such as, recusal. In addition, plaintiff was afforded the opportunity, in its surreply and at oral argument, to present this Court with evidence or argument regarding the convenience of material witnesses. This Court declines to reconsider its Order on the basis of plaintiff's allegation that it has an affidavit that will establish that a key witness is beyond the subpoena power of a Texas court.

Plaintiff also argues that this Court's Order transferring the action to Texas was based upon fraudulent evidence. This Court's Order was not based upon the allegedly fraudulent evidence, but upon the place where the operative facts occurred, the convenience of the witnesses, the relative ease of access to sources of proof and the availability of process to compel attendance of unwilling witnesses and the interest of justice, all of which outweighed the plaintiff's choice of forum in favor of transfer. Having ordered this action transferred to the Southern District of Texas, this Court declines to address plaintiff's allegations of fraud.

Finally, plaintiff requests this Court to certify for appeal the questions regarding "the relationship of FRCP 7 and Local Rule 3(d) to the relief granted by this Court in its July 31 Order." A district court may certify an opinion for immediate interlocutory appeal if the order "involves a controlling question of law as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b). The Second Circuit has held, however, that 28 U.S.C. § 1292(b) "is not available as a means to review the grant or denial of § 1404(a) motions for incorrect evaluation of proper factors." *A. Olinick & Sons v. Dempster Brothers, Inc.*, 365 F.2d 439, 443 (2d Cir.1966). Because plaintiff's motion for reargument and reconsideration is in essence a request to present this Court with additional evidence demonstrating that it incorrectly evaluated the factors upon which it based its Order to transfer, plaintiff's application for leave to appeal is denied.

In conclusion, plaintiff's motion for reargument and reconsideration is denied.

SO ORDERED.