No. 87–1433. Kern Tulare Water District *v.* City of Bakersfield, California. C. A. 9th Cir. Certiorari denied.

Justice White, dissenting.

This Court has previously held that a municipality is immune from antitrust liability under the state-action exemption if it can demonstrate that "it is engaging in the challenged activity pursuant to a clearly expressed state policy." *Hallie* v. *Eau Claire*, 471 U. S. 34, 40 (1985); see *Parker* v. *Brown*, 317 U. S. 341 (1943). It is not necessary that the legislature explicitly state that it intends municipalities to engage in anticompetitive conduct pursuant to the state policy; it is enough that "anticompetitive effects logically would result from [the] broad authority to regulate." *Hallie, supra,* at 42. From these principles, I had thought it clear that an antitrust violation would be established by showing that a municipality restrained trade by acting contrary to the clearly articulated state policy. Yet the Ninth Circuit has held here that ordinary "abuses" by local authorities in the field generally covered by the state policy are matters for state tribunals and not concerns of federal antitrust policy. 828 F. 2d 514, 522 (1987).

The mischief of this unwarranted expansion of the state-action exemption can be seen in the facts of this case. All agree that an integral part of California's state water policy is its prohibition

against waste and unreasonable uses of water. *Id.*, at 519 (citing Cal. Const., Art. 10, § 2; Cal. Water Code Ann. § 106.5 (West 1971)). Furthermore, the state policy expressly encourages municipalities to transfer water rights so as to improve the efficiency of water use. Cal. Water Code Ann. § 109 (West Supp. 1987). Here, petitioner water district alleged that respondent city controlled sources of water exceeding its annual needs, was in the business of reselling the surplus water for rural irrigation, and had entered a 35-year contract with petitioner, providing that petitioner would pay respondent $400,000 per year for 20,000 acrefeet of water per year. The water district alleged that, contrary to past years under the contract, the city refused to allow the district to transfer excess water to third parties, who evidenced their need for it by their willingness to pay. The city sent a letter explaining its stance as necessary to effectuate the contractual provision requiring that the water be used only by the district. Because the city refused to allow the district to transfer the water to third parties and because the district did not need the water, it eventually ran into the state aqueduct, either to be wasted as runoff into the sea or to flow to communities outside of the Kern County water basin. Whatever the fate of the dumped water, petitioner alleges that the city prevented the transfer to maintain its control of the resale market for irrigation water in Kern County.

The irony of the Ninth Circuit's decision is its bestowing of antitrust immunity for such conduct based on a state statutory scheme, which is intended to promote efficient use of water and prevent its waste. It seems questionable that the contractual prohibition of transfer rights, possibly resulting in the waste of the water and certainly preventing an efficient transfer, was the kind of action that the California Legislature contemplated when it enacted the statutory scheme. *Hallie, supra,* at 44. Municipal actions that contravene express limits in the state policy would not seem to be taken pursuant to a clearly articulated policy and thus would not seem to be shielded by the state-action exemption. The Ninth Circuit's characterization of the alleged violation of state policy as an ordinary error or occasional abuse seems insufficient to insulate the municipality from liability for action that restrains competition. There seems little room in the Sherman Act's prohibition of restraint of trade for such a forgiving rule.

Because I do not believe that every municipality deserves one free anticompetitive bite, I would grant certiorari.