**In re AROCHEM CORPORATION and AroChem International Inc.**

**CHASE MANHATTAN BANK, et al.**

v.

**AROCHEM CORP., et al.**

**BANK BRUSSELS LAMBERT, et al.**

v.

**AROCHEM CORP., et al.**

Civ. Nos. 3:95–cv–1346 (WWE), 3:95–cv–1352 (WWE).

United States District Court, D. Connecticut.

March 1, 1996.

Richard C. Tufaro, Milbank, Tweed, Hadley & McCoy, Washington, DC, for Chase Manhattan Bank, N.A., Swiss Bank Corp., Bank Indosuez.

Andrew J. Frackman, O'Melveny & Myers, New York City, for Victory Oil Company, Victory Holding Co., Crail Fund, Eric C. Johnson, Sherry L. Hutchison, Robert C. Johnson.

Niclas A. Ferland, Tyler, Cooper & Alcorn, New Haven, CT, William S. Fish, Jr., Tyler Cooper & Alcorn, Hartford, CT, for Bank Brussels Lambert, Skopbank.

Richard M. Coan, Coan, Lewendon, Royston, Deming & Gulliver, New Haven, CT, for Arochem Corp., Arochem International, Inc.

## RULING ON MOTION TO DISMISS APPEAL

EGINTON, Senior District Judge.

The Trustee in Chapter 7 bankruptcy for AroChem Corporation and AroChem International, Inc. ("AroChem") moves to dismiss two consolidated appeals from an order entered by Bankruptcy Judge Alan Shiff on May 10, 1995, *In re AroChem Corp.*, 181 B.R. 693 (Bkrtcy, D.Conn.1995). The appeals were brought by Bank Brussels Lambert, Skopbank, Chase Manhattan Bank, N.A., Swiss Bank Corporation, Banque Indosuez, Victory Oil Company, Victory Holding Company, Crail Fund, Eric C. Johnson, Sherry L. Hutchison and the estate of Robert C. Johnson ("Banks"). The United States Department of the Treasury filed a brief in support of the Trustee's motion. Appellants responded. For the following reasons, the motions to dismiss will be granted.

## BACKGROUND

The bankruptcy judge approved the Trustee's application to employ the law firm of Caddell & Conwell to prosecute certain cases. However, he determined that the law firm was "employable under 11 U.S.C. § 327 subject to the further order of [the bankruptcy court] on the approval of the Pooling Agreement." The "Pooling Agreement" is a proposed agreement between the Trustee, and Edwin E. Wells and certain of his corporate affiliates who are clients of the law firm whereby they would pool certain claims and share in any net recoveries. The bankruptcy judge specifically limited the ruling to the employability of the law firm for the specified purposes and did not address the legal sufficiency of the Pooling Agreement which is presently the subject of mediation. The Banks are creditors of the estate as well as defendants in the cases in relation to which the Trustee seeks to employ the law firm.

The Banks appealed and, in the alternative, moved for permission to appeal the bankruptcy judge's order. The Trustee moves to dismiss the appeal on the grounds that the Banks lack standing, that the order was not final, and that an interlocutory· appeal should not be granted. Whether the Banks have standing to bring these appeals will not be determined as, even if they have standing, their appeals would be denied for lack of jurisdiction and their requests for leave to appeal would be denied in the exercise of this Court's discretion.

## DISCUSSION

■ A district court has jurisdiction over appeals from all final judgments, orders and decrees of bankruptcy judges. 28 U.S.C. § 158(a). The finality requirement serves strong congressional policies against piecemeal reviews and against the obstruction and impediment of ongoing judicial proceedings. *U.S. v. Nixon,* 418 U.S. 683, 690, 94 S.Ct. 3090, 3098–99, 41 L.Ed.2d 1039 (1974). It also aids in the prevention of harassment and delay. *Firestone Tire and Rubber Co. v. Risjord,* 449 U.S. 368, 374, 101 S.Ct. 669, 673, 66 L.Ed.2d 571 (1981).

■ However, in the bankruptcy context, a final order may also be one that "finally disposes of discrete disputes within the larger case." *In re Johns–Manville Corp.,* 824 F.2d 176, 179 (2d Cir.1987). A "dispute" does not mean "merely competing contentions with respect to separable issues." It means "at least an entire claim on which relief may be granted." Although a "final order" need not resolve all of the issues raised by the bankruptcy, it must completely resolve all of the issues pertaining to the

discrete claim. *In re Fugazy Exp., Inc.,* 982 F.2d 769, 775–76 (2d Cir.1992) (citations omitted).

■ An order that is not final may still be appealable as of right if it falls within the narrow "collateral order" exception. The exception requires that the order (1) must conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment. *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978); *Cohen v. Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

The order appealed from in this case is not "final" under either the flexible standard used in bankruptcy cases or the collateral order doctrine because it does not conclusively determine the issue of whether the Trustee may employ the law firm for the specified purposes. Although the bankruptcy judge found that the law firm was employable under 11 U.S.C. § 327, the determination is explicitly subject to the prospective Pooling Agreement. That Agreement is presently the subject of mediation. It is entirely possible that, upon the finalization of the Agreement, the bankruptcy judge will modify the order or even find that the law firm is not employable by the Trustee.

■ A district court also has the jurisdiction to grant leave to hear appeals from interlocutory orders of bankruptcy judges. 28 U.S.C. § 158(a). Interlocutory appeals are "taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts." 28 U.S.C. § 158(c)(2). To determine when a grant of leave to appeal an interlocutory order is proper, courts in this Circuit have adopted the standards pursuant to which courts of appeals may entertain interlocutory appeals from district courts. *IBI Security Service, Inc. v. National Westminster Bank USA,* 174 B.R. 664, 669 (E.D.N.Y.1994); *In re Johns–Manville Corp.,* 45 B.R. 833, 835 (S.D.N.Y.1984). Leave to accept an interlocutory appeal may be granted when (1) the order appealed from involves a controlling question of law, (2) as to which there is

substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). In addition, "exceptional circumstances" must exist that warrant an interlocutory appeal. *Coopers & Lybrand v. Livesay,* 437 U.S. at 475, 98 S.Ct. at 2461. The decision is within the discretion of the district court.

Appellants argue that the controlling issues of law involved in this order are (1) the application of the incorrect legal standard by the bankruptcy court, (2) its failure to follow procedure by conducting a full hearing, and (3) its "acceptance of unfulfilled promises to cure conflicts of interest." The first two contentions are not controlling issues of law because, as previously discussed, the existence and/or parameters of both are subject to the Pooling Agreement.

The third contention appears to challenge the bankruptcy judge's authority to find the law firm employable subject to the completion of the Pooling Agreement. However, this is not a question of controlling law as to which there is a substantial ground for difference of opinion. While appellants may disagree with the bankruptcy's judge's decision, they have not cited to any source indicating that the bankruptcy judge did not have such authority. Independent research has revealed that at least two courts have found that, in some circumstances, a bankruptcy judge has the discretion to condition the approval of the employment of a professional on "curative" measures. *In re Decor Corp.,* 171 B.R. 277, 282 (S.D.Ohio, 1994); *In re PHM Credit Corp.,* 110 B.R. 284, 287 (E.D.Mich.1990).

Furthermore, a grant of leave to appeal at this stage would not only fail to materially advance the termination of the litigation but would probably have the opposite effect. An appeal would delay the completion of the Pooling Agreement, the appointment of special counsel to prosecute the cases, and the ultimate termination of the bankruptcy proceedings.

For the foregoing reasons, the Trustee's motions to dismiss in these consolidated appeals, [3] in case 3:95–cv–1352(WWE) and [4]

in case 3:95–cv–1346 (WWE), are GRANT-ED. The Clerk is directed to close the files.