ORDERED, that the debtor's motion for leave to appeal is granted.

**NORTH FORK BANK, As Substitute Trustee of Group Trust No. 47, Debtor in Possession, and the Official Committee of Investors in the Chapter 11 case of Group Trust No. 47, Plaintiffs/Appellees,**

v.

**Richard H. ABELSON, Esq., and Edward H. Odesser Esq., individually and as former partners in a law firm known as Abelson, Goldston & Odesser and as [former] shareholders of Abelson & Odesser, P.C., Defendants/Appellants.**

No. 96–CV–5623.

United States District Court, E.D. New York.

April 5, 1997.

384

Richard H. Abelson, Defendant–Appellant, White Plains, NY, pro se.

Ackerman Law Firm, L.L.C., Westbury, NY (Neil H. Ackerman, Karen M. Dowd, of counsel), for Plaintiffs–Appellees.

## MEMORANDUM DECISION AND ORDER

SPATT, District Judge.

The plaintiffs/appellees, North Fork Bank ("NFB") as the non-bankruptcy trustee of Group Trust No. 47 ("GT 47"), and the Official Committee of Investors (the "Committee") in GT 47's chapter 11 case currently pending before the United States Bankruptcy Court for the Eastern District of New York move the Court pursuant to Federal Rule of Bankruptcy Procedure 8003 to dismiss the appeal taken by the defendant/appellant Richard H. Abelson ("Abelson") from the Order issued by Judge Francis Conrad of the Bankruptcy Court dated October 2, 1996 denying his motion and amended motion to dismiss the adversary proceeding against him on the grounds that the Bankruptcy Court lacks subject matter jurisdiction and that the Proceeding is time-barred under the statute of limitations mandated by 11 U.S.C. § 546(a).

## I. BACKGROUND

GT 47, organized in 1981, is a Group Business Trust which pools funds contributed from more than 500 individual investors' pensions, IRAs, Keogh plans, 401(k) benefits plans, defined benefits plans, retirement plans, and other similar type plans (collectively, the "Participants"). The pooled funds are placed into one common investment fund under Section 401 of the Internal Revenue Code, the laws, rules and regulations promulgated by the Internal Revenue Service, and by federal, state, or local entities with jurisdiction, including the United States Department of Labor.

The funds deposited by the Participants into GT 47 were invested by the issuance of loans made to third parties (the "Loans") secured by mortgages (the "Mortgages") on real property. Funds were also placed in other investment instruments, including accounts called directed or discretionary accounts.

Republic Pension Services, Inc. ("Republic") was the entity that created GT 47 in 1981. Republic solicited investments from Participants into GT 47, and acted as trustee of GT 47 for the first 13 years, until May 20, 1993, when it was replaced by NFB under an Order issued by the Bankruptcy Court, after notice was given to all known interested parties in GT 47's bankruptcy case, including Abelson.

Republic itself is presently in Chapter 7 bankruptcy and is being liquidated and administered by a Trustee. Republic's bankruptcy case was originally filed under chapter 11 on April 30, 1992. At the time of Republic's original chapter 11 filing, it included the name "Group Trust No. 47" in the caption of its bankruptcy petition after its own name. According to the appellees, Republic apparently thought that its bankruptcy filing also involved GT 47 in that bankruptcy proceeding. However, at a hearing held shortly after the commencement of the bankruptcy proceeding, Judge Robert John Hall stated that Republic's bankruptcy filing was insufficient to put GT 47 into bankruptcy because it was a separate legal entity. Therefore, if bankruptcy protection was desired for GT 47, it would have to file a separate petition. Accordingly, a separate chapter 11 petition was filed by Republic for GT 47 on July 15, 1992.

The defendant/appellant in this matter is an attorney, Richard H. Abelson, who along with Edward H. Odesser, Esq. ("Odesser"), were employed by Republic between 1989 and 1993 to foreclose and collect on the Loans and Mortgages due to GT 47. This adversary proceeding in the Bankruptcy Court against Abelson and Odesser was brought to recover approximately $300,000 in professional fees paid by Republic to the attorneys from GT 47 funds, and for additional damages, based on legal malpractice, fraud, and preferential transfers. The motion to dismiss at issue is made solely with regard to Abelson's appeal of the denial of his motion to dismiss the adversary proceeding in the Bankruptcy Court. The defendant Odesser did not join in the motion in the Bankruptcy Court. Thus, Odesser is not involved in this matter before the District Court.

According to the appellees, Abelson filed an answer to the Complaint in 1994. Two years later, in the summer of 1996, Abelson

filed a motion and then an amended motion, seeking the dismissal of the adversary proceeding on two grounds:

1. The Bankruptcy Court lacked subject matter jurisdiction over the lawsuit because GT 47 is not a "business trust" and "thus, not a corporation" and accordingly does not qualify as a "person" and consequently, a "debtor" which can be in bankruptcy; and

2. The avoidance claims asserted in the lawsuit are barred by the two year statute of limitation set forth in 11 U.S.C. § 546(a), even though the complaint was concededly filed within 2 years following the Filing Date, because the 2 years supposedly should be measured from the date that GT 47's former trustee, Republic, filed for bankruptcy, and not from the date of the filing for GT 47.

Judge Conrad, to whom this matter was assigned in July 1996, considered Abelson's motion at a hearing held on September 18, 1996. At the close of the hearing, after both parties argued, Abelson's motion was denied in its entirety and the Court issued an Interlocutory Order to that effect.

According to the appellees, the Interlocutory Order memorialized the motion's denial and confirmed certain other rulings made at the hearing. These rulings included the last date for Abelson to file an answer to the Amended Complaint which had been filed by the plaintiffs/appellees in September 1996, in accordance with the Bankruptcy Court Order, and the discovery deadlines in the lawsuit.

On or about October 9, 1996, Abelson filed a Notice of Appeal of the Interlocutory Order. Apparently, the appellant did not file a motion for leave to appeal.

## II. DISCUSSION

The Court must first determine whether Abelson can bring the present appeal as of right. If not, then the Court must decide whether leave should be granted to Abelson to pursue an interlocutory appeal of Judge Conrad's decision.

### A. Appeal as of Right

Pursuant to Fed.R.B.P. 8001(a), an appeal as of right may taken from a "final judgment, order, or decree of a bankruptcy judge." Appeals of bankruptcy proceedings are governed by 28 U.S.C. § 158(a), which states in pertinent part:

The district court of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.

■ An order is "final" for purposes of federal appellate jurisdiction when a decision has been entered that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978) (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633–34, 89 L.Ed. 911 (1945)). In other words, a district court has appellate jurisdiction over bankruptcy court decisions if the court order or judgment is final or if the district court grants a leave to appeal from an interlocutory order or decree. 28 U.S.C. § 158(a).

■ However, the requirement of finality is less rigidly applied in bankruptcy appeals. According to the Second Circuit, an order of the Bankruptcy Court "may be immediately appealed if it disposes of discrete disputes within the larger case." *In re Johns–Manville Corp.*, 824 F.2d 176, 179 (2d Cir.1987) (quoting *In re Saco Local Dev. Corp.*, 711 F.2d 441, 444–46 (1st Cir.1983)). A "dispute" does not mean "merely competing contentions with respect to separable issues." *In re AroChem Corp.*, 198 B.R. 425, 427 (1996). It means "at least an entire claim on which relief may be granted." *Id.* "Although a 'final order' need not resolve all of the issues raised by the bankruptcy, it must completely resolve all of the issues pertaining to the discrete claim." *Id.* at 427; *See also In re Fugazy Express, Inc.*, 982 F.2d 769, 775–76 (2d Cir.1992).

Even if an order is not a "final" order or judgment under the above definition, it may still be appealable under the "collateral order" exception to the final-judgment rule established by the United States Supreme Court in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949). In order to come within the "small class" of decisions excepted from the final-judgment rule, the "collateral order" doctrine requires that the decision appealed from "[1] must conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the actions, and [3] be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand*, 437 U.S. at 468, 98 S.Ct. at 2458; *Swint v. Chambers County Comm'n*, 514 U.S. 35, ——, 115 S.Ct. 1203, 1205, 131 L.Ed.2d 60 (1995); *United States v. Weiss*, 7 F.3d 1088, 1089 (2d Cir.1993) (stating that all three requirements must be met for the non-final order to be appealable); *Johns–Manville*, 824 F.2d at 180.

### B. *Leave to Bring an Interlocutory Appeal*

Section 158, however, does not provide any criteria for determining whether a district court should grant leave to permit an interlocutory appeal in a particular case. Thus, in construing section 158 district courts have adopted the standard set forth in 28 U.S.C. § 1292(b), which dictates the circumstances under which the court of appeals may accept interlocutory appeals from district courts. *See In re Bimco Indus., Inc.*, 124 B.R. 623, 625–26 (E.D.N.Y.1991); *In re Beker Indus. Corp.*, 89 B.R. 336, 341 (S.D.N.Y. 1988); *In re Johns–Manville Corp.*, 45 B.R. 833, 835 (S.D.N.Y.1984).

Under section 1292(b), an interlocutory appeal may be granted when (1) the order appealed from involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b). In addition, to depart from the basic policy of postponing appellate review until after the entry of a final judgment, "exceptional circumstances" must exist that warrant an interlocutory appeal. *See Coopers & Lybrand*, 437 U.S. at 475, 98 S.Ct. at 2461; *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir.1990); *Escondido Mission Village L.P. v. Best Prods. Co., Inc.*, 137 B.R. 114, 116 (S.D.N.Y.1992) (citing cases).

### C. *The parties' contentions*

Abelson alleges that the Order of Judge Conrad dated September 18, 1996 was a "final order" under 28 U.S.C. § 158 and the appeal was timely taken as a matter of right. The appellant cites *In re Leibinger–Roberts, Inc.*, 92 B.R. 570 (E.D.N.Y.1988) for the proposition that:

> Unlike the usual interpretation of final orders or judgments, *see e.g., Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633–34, 89 L.Ed. 911 (1945) (a final decision must generally be 'one that ends the litigation and leaves nothing for the court to do but execute the judgments'), a final order in the bankruptcy court is a resolution of a particular proceeding or controversy within the entire bankruptcy proceeding or an order that irrevocably decides a dispositive issue of law or the rights of any party. *See In re Chateaugay Corp.*, 80 B.R. 279, 282–83 (S.D.N.Y. 1987); *In re Johns–Manville Corp.*, 39 B.R. 234, 235 (S.D.N.Y.1984).

*Leibinger–Roberts*, 92 B.R. at 572.

Abelson claims that in *Leibinger–Roberts* the Court outlined several types of Bankruptcy Court orders that have been deemed to be final. The appellant contends that the common element in those bankruptcy court orders which have been considered final is the concern that if appellate review of the order was not allowed until the completion of the proceeding, action would be taken during the proceedings which could not, as a practical matter, be undone. Abelson alleges that this exact problem is present in this matter. The defendant/appellant further alleges that his research has failed to disclose a case dealing specifically with an Order denying a motion to dismiss for lack of subject matter jurisdiction.

The appellant maintains that if the bankruptcy court proceeds lacking subject matter jurisdiction, the Court's orders and judgments made in furtherance of the administration of the estate would be null and void. According to Abelson, it would be impractical and maybe impossible, to restore matters to their original status if an appeal is taken at the conclusion of the case. In addition, the defendant/appellant asserts that a Bankruptcy Court confirming its own subject matter jurisdiction is a perfect example of an order that "irrevocably decides a dispositive issue of law or the rights of any party." *Leibinger–Roberts*, 92 B.R. at 572. Accordingly, Abelson contends that the Order at issue in this case is a "final order", and therefore, appealable as of right.

Abelson also alleges that even if the Order is deemed to be interlocutory, the Appeal should be allowed. He contends that the question at issue in this appeal meets the criteria set in 28 U.S.C. § 1292(b) as discussed above. *See In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 408 (E.D.N.Y. 1989) (considering the criteria of 28 U.S.C. § 1292(b) in deciding if leave to appeal the interlocutory order should be granted). Abelson alleges that the issue of whether the Bankruptcy Court has subject matter jurisdiction over the proceeding and the bankruptcy case itself, is a controlling issue of law which satisfies the first requirement of the section 1292(b).

In addition, the appellant maintains that the issue of whether GT 47 is a "business trust", which determines the Bankruptcy Court's jurisdiction, is one where there is substantial ground for a difference of opinion. Abelson states that the cases are less than clear and are in conflict on the question of what constitutes a "business trust" as opposed to a private or passive trust. Also, the appellant alleges that Judge Conrad's ruling that GT 47 is a "business trust" is the first time that a benefit trust has been granted relief under the Bankruptcy Act. Therefore, Abelson contends that his appeal satisfies the second prong of 28 U.S.C. § 1292(b).

Abelson further contends that an appeal from the Bankruptcy Order might materially advance the termination of the Proceeding.

He states that it is obvious that if the order is reversed, whether on the grounds of subject matter jurisdiction or the statute of limitations, the Proceeding would be dismissed thereby satisfying the third element of the statute.

Similarly, Abelson claims that the application of the statute of limitations prescribed by 11 U.S.C. § 546(a) to the Proceeding is a controlling question of law about which there is a substantial difference of opinion. Abelson contends that because he represented Republic as trustee, and not the trust itself, only Republic has the right to make a claim against him, and as a result, the filing date of April 30, 1992 controls the running of the statute of limitations. According to Abelson, since the Proceeding with regard to GT 47 was commenced on June 10, 1994, more than two years after the filing, it was time-barred under 11 U.S.C. § 546(a).

On the other hand, the plaintiffs/appellees allege that the appeal should be dismissed because it is premature, having been filed with regard to an interlocutory order and it does not fit within the limited exceptions to the general and settled rule that appeals only can be taken from final orders or judgments. The appellees/plaintiffs assert that because the Order did not end the litigation but merely denied a motion to dismiss the complaint, the Order was not final, and therefore, this appeal is improper. Further, they contend that the appeal was not properly filed because there was no motion for leave to appeal filed with the notice of appeal.

In addition, the appellees contend that Abelson's appeal does not satisfy the first two criteria of the three pronged test as set forth in 28 U.S.C. § 1292(b). The appellees assert that the Order does not involve a controlling question of law as to which there is substantial ground for a difference of opinion. Further, the appellees allege that the reversal of the Interlocutory Order would not materially advance the ultimate termination of the litigation because they would sue Abelson in federal or state court.

D. The *Court's decision*

1. *Appeal as of Right*

In the Court's view, the decision of the Bankruptcy Court dated September 18,

1996, is neither a final order nor a collateral order. Judge Conrad's decision did not end the adversary proceeding on the merits so that all that remained for the Bankruptcy Court to do was to execute the judgment. Neither did it dispose of a discrete dispute within the adversary proceeding. Rather, Judge Conrad's decision merely denied the appellant's motion to dismiss the action as against him. Because the Order denying his motion to dismiss the action for lack of subject matter jurisdiction did not terminate the bankruptcy proceeding or even the adversary proceeding, this Court does not consider such an order as a final determination. *Catlin v. United States*, 324 U.S. 229, 232–33, 65 S.Ct. 631, 633–34, 89 L.Ed. 911 (1945) (stating that the denial of a motion to dismiss for lack of subject matter jurisdiction is not a final order). A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Id.*

▆ With respect to the "collateral order" doctrine, the Court will address all three prongs individually.

The first requirement of the test has been met because Judge Conrad, in his decision, conclusively decided that GT 47 was a "business trust" which would allow the entity to seek protection in Bankruptcy Court. Judge Conrad also determined that July 15, 1992 was the appropriate date for the commencing of the running of the statute of limitation, and thus the filing of the action was timely and not time-barred. Therefore, in this Court's view, Judge Conrad's decision satisfies the first prong of the test.

Moreover, Judge Conrad's decision resolves important issues which could be considered separate from the merits of the action. With his ruling, Judge Conrad decided procedural matters, namely subject matter jurisdiction and statute of limitations. This Court finds that the decision to deny the motion to dismiss is separate from the merits of this action which satisfies the second element of the test. The merits of this action are based on the recovery of approximately $300,000 in professional fees paid by Republic to the appellant/defendant from GT 47 funds on the ground of legal malpractice,

fraud, and preferential transfers. Thus, the Court finds that the second prong of the *Cohen* requirement is met.

However, the Court finds, with respect to the third *Cohen* requirement, that the issues with regard to the denial of the appellant's motion to dismiss can be effectively reviewed on appeal from a final judgment. Abelson's rights with regard to those issues will not be "irretrievably lost in the absence of an immediate appeal," of the Bankruptcy Court's decision. *See Johns–Manville Corp.*, 824 F.2d at 181 (quoting *Richardson–Merrell Inc. v. Koller*, 472 U.S. 424, 430–31, 105 S.Ct. 2757, 2760–61, 86 L.Ed.2d 340 (1985)). Therefore, the appeal does not pass muster with regard to the third element of the *Cohen* test.

Accordingly, Abelson's appeal of Judge Conrad's decision cannot be brought to this Court as of right, or under the aegis of the "collateral order" doctrine. The Court must, therefore, determine whether to grant leave to Abelson to pursue an interlocutory appeal of the decision.

### 2. A Request For Leave to Bring an Interlocutory Appeal

Pursuant to 28 U.S.C. § 158(a), a district court has jurisdiction to grant leave to hear appeals from interlocutory orders of bankruptcy judges. Such appeals "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts. ..." 28 U.S.C. § 158(c)(2). The Court will now address the three requirements of 28 U.S.C. § 1292(b).

#### a. Controlling Question of Law

▆ To establish that an order contains a controlling question of law, it must be shown that either (1) reversal of the bankruptcy court's order would terminate the action, or (2) determination of the issue on appeal would materially affect the outcome of the litigation. *See Klinghoffer*, 921 F.2d at 24 (rejecting that in order to be "controlling question of law," resolution of the issue on appeal must have precedential value for a large number of pending cases); *In re Cement Antitrust Litigation*, 673 F.2d 1020,

1026 (9th Cir.1982); *In re Duplan Corp.*, 591 F.2d 139, 148 n. 11 (2d Cir.1978).

■ In the present case, reversal of the Bankruptcy Court's Order denying the dismissal of the lawsuit on the grounds of lack of subject matter jurisdiction and the running of the statute of limitations would terminate this lawsuit. The Court agrees with the appellant's argument that if this Court reversed the ruling that Group 47 is a "business trust," the Bankruptcy Court would lack subject matter jurisdiction over the lawsuit. As a result of a reversal, Group 47 would not be considered a "corporation", and therefore, would not qualify as a "person" and consequently, a "debtor", who could seek relief under the Bankruptcy Act. 11 U.S.C. § 101(9),(13), (41).

Accordingly, the Court finds that the appeal from the Bankruptcy Order does involve a controlling question of law.

b. *Substantial Grounds for Difference of Opinion*

■ For there to be "substantial grounds for difference of opinion" regarding an issue, it must involve more than strong disagreement between the adversary parties. *See In re IBI Security Service, Inc.*, 174 B.R. 664, 670 (E.D.N.Y.1994); *see also Kern–Tulare Water District v. City of Bakersfield*, 634 F.Supp. 656, 667 (E.D.Cal.1986), *aff'd in relevant part, rev'd in part*, 828 F.2d 514 (9th Cir.1987), *cert. denied*, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988). For example, there are substantial grounds for difference of opinion when the issue is "difficult and of first impression." *Klinghoffer*, 921 F.2d at 25.

■ In this matter, the appellant has not demonstrated any substantial ground for differences of opinion as to the questions of law involved in Judge Conrad's Order. Abelson claims that the issue of whether Group Trust 47 is a "business trust" is one where there is substantial ground for a difference of opinion and that the cases are less than clear and not in accord on the question of what constitutes a "business trust" as opposed to a private or passive trust.

In the Court's view, the parties' disagreement over whether GT 47 is a "business trust", and the issue regarding the statute of limitation does not constitute substantial grounds for a difference of opinion, and are not matters of first impression for the Second Circuit. *See e.g., In re Secured Equipment Trust of Eastern Air Lines*, 38 F.3d 86, 89 (2d Cir.1994) (discussing the issues with regard to whether a trust is a "business trust" within the meaning of the Bankruptcy Code.).

Accordingly, the Court finds that the disagreement between the two adversaries as to the relevant issues mentioned above does not rise to a level of a substantial ground for a difference of opinion.

c. *An Immediate Appeal May Materially Advance the Ultimate Termination of the Litigation*

■ As explained above when considering whether the issue presented before the Court is a "controlling question of law," the resolution of an issue on appeal need not necessarily terminate the litigation in order to be appealable under § 1292(b). Rather, an immediate appeal must have the possibility of "materially advancing the ultimate termination of the litigation." *See Klinghoffer*, 921 F.2d at 24–25.

■ The Court finds that the determination of the issues presented on appeal will materially advance the ultimate termination of this proceeding. If this Court, on appeal, found that GT 47 did not constitute a "business trust," the Bankruptcy Court would not have subject matter jurisdiction to adjudicate the matter, and the case would be dismissed. The same is true with regard to the statute of limitation issue.

Accordingly, the Court finds that if it grants the appeal, it may materially advance the ultimate termination of the litigation.

Because Abelson's appeal meets only two of the three requirements as enunciated in 28 U.S.C. § 1292(b), the Court declines to grant leave to bring an Interlocutory Appeal. *See In re Johns–Manville Corp.*, 47 B.R. 957, 958 (S.D.N.Y.1985).

#### d. *Exceptional Circumstances*

 Finally, in the Court's view, exceptional circumstances that would justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment do not exist in this case. *See e.g., Coopers & Lybrand v. Livesay,* 437 U.S. 463, 475, 98 S.Ct. 2454, 2461, 57 L.Ed.2d 351 (1978). The appeal in this case was precipitated by the Bankruptcy Court's denial of the defendant/appellant's motion to dismiss the adversary proceeding. Abelson's alleged "exceptional circumstance" is that if he is forced to wait until the bankruptcy proceeding has been completed before appealing the matter, action with respect to the estate will be taken in the interim which cannot, as a practical matter, be undone. The Court finds this argument to be unpersuasive. If the Court allowed such an appeal at this time based on that argument, interlocutory appeals would become commonplace in the federal courts. In the Court's view, Abelson has not made a showing that the issues involved in the appeal constitute "exceptional circumstances" that warrant an interlocutory review. Further, the Court finds that the issues at bar are not complex matters that warrant the granting of such leave.

Accordingly, the Court finds that leave to appeal on these issues is inappropriate, contrary to the settled law and practice in the federal court and would serve only to delay the bankruptcy proceedings.

### III. *CONCLUSION*

After reviewing the papers submitted by both parties, hearing oral argument, and for the reasons set forth in the record, it is hereby,

**ORDERED**, that the defendant/appellant's appeal from the Bankruptcy Court's Order at issue cannot be pursued as of right or under the aegis of the collateral order doctrine, and it is further,

**ORDERED**, that the plaintiff/appellant has not shown that the present appeal meets the requirements for granting leave to make an interlocutory appeal under 28 U.S.C. § 1292(b), and it is further

**ORDERED**, that the motion of plaintiffs/appellees to dismiss the appeal is granted, and it is further

**ORDERED**, that Abelson's appeal is dismissed and the Clerk of the Court is directed to close this case.

**SO ORDERED.**