In re Harry L. ALEXANDER, Debtor.

Harry L. Alexander, Debtor/Appellant,

v.

Bank of Woodstock, Creditor/Appellee.

Bankruptcy Nos. M–47(SHS), 99–B–43070(CB).

United States District Court, S.D. New York.

May 16, 2000.

---

*OPINION & ORDER*

STEIN, District Judge.

Debtor Harry L. Alexander appeals from two orders of the U.S. Bankruptcy Court for the Southern District of New York (Judge Cornelius Blackshear) issued in the context of this involuntary bankruptcy petition brought by creditor Bank of Woodstock. The first order revoked two earlier orders permitting Alexander to invade his IRA in order to meet certain personal expenses, while the second order transferred venue of the involuntary petition to the U.S. Bankruptcy Court for the District of Vermont. Alexander has also moved for a stay of the revocation order pending his appeal to this Court, and the Bank has moved to dismiss the appeal. For the reasons set forth below, both the appeal and the motion for a stay pending appeal are dismissed.

## BACKGROUND

On November 12, 1997, Harry L. Alexander and his wife, Stephanie Alexander, purchased the Hartland General Store in Hartland, Vermont with a loan of $434,000 from the Bank of Woodstock ("Bank"). Because of severe cash flow problems, the Alexanders closed the store slightly less than one year later. On December 8, 1998, the Bank and two other creditors filed an involuntary joint petition pursuant to Chapter 7 of the Bankruptcy Code against both of the Alexanders in the U.S. Bankruptcy Court for the District of Vermont. On December 23, 1998, before an answer to the petition had been filed, the Bank moved to amend the joint petition and to replead it as separate involuntary petitions against Harry and Stephanie.

Nearly three weeks later, the Vermont bankruptcy court (Judge Francis G. Conrad) granted the motion. On February 16, 1999, the separate petition against Stephanie was dismissed because it lacked the requisite number of creditors.

On December 29, 1998, Harry and Stephanie Alexander filed a voluntary joint petition pursuant to Chapter 7 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Southern District of New York. Within the next two days, the Alexanders filed a motion in the Vermont bankruptcy court seeking (1) dismissal of the joint involuntary petition for lack of subject matter jurisdiction, and (2) a transfer of venue to the Southern District of New York. On April 14, 1999, the Vermont bankruptcy court issued a Memorandum Decision that rejected the jurisdictional argument, found that venue was proper in Vermont, and concluded that venue should nonetheless be transferred in the interests of justice and for the convenience of the parties. *See generally In re Alexander*, No. 98–11844, 1999 WL 240336, at *2–4 (Bankr.D.Vt. Apr. 14, 1999). Accordingly, on April 20, 1999, that court issued an order transferring venue to the Southern District of New York, and eight days after that, it denied a motion by Harry Alexander ("Alexander") to vacate the April 20 order. Alexander then filed a notice of appeal to the U.S. District Court for the District of Vermont, but that court (Chief Judge J. Garvan Murtha) stayed the appeal in light of the transfer of the involuntary proceedings to the Southern District of New York.

On or about May 20, 1999, Alexander filed a motion in the U.S. Bankruptcy Court for the Southern District of New York to dismiss the involuntary petition for lack of subject matter jurisdiction. Although the Bank contests the point, Alexander maintains that that motion was never decided. On December 16, 1999, that court entered two orders permitting Alexander to invade his IRA in order to cover certain personal living expenses and personal property expenses, as well as to cover certain educational expenses on behalf of his two children. The involuntary petition was then referred to mediation, which proved unfruitful. At a status conference on April 5, 2000, the bankruptcy court orally revoked the earlier orders permitting invasion of the IRA and also transferred venue back to Vermont. The revocation order was entered as a written order two days later, and a similar written order transferring venue was signed on April 11, 2000. On April 10, 2000, Alexander applied by letter to the bankruptcy court for a stay of the revocation order pending an appeal, but the court denied that request on the grounds that any such request should be made by motion. No such motion was filed in that court.

On April 14, 2000. Alexander filed a motion in this Court for an emergency stay of the revocation order pending appeal of that order to this Court. On April 20 and May 3, 2000, this Court issued two orders permitting limited invasion of the IRA and of an escrow account held by Alexander's counsel pending the appeal. On May 10, 2000, this Court heard oral argument on the appeal, the motion for a stay pending appeal, and the cross-motion to dismiss the appeal.

### DISCUSSION

### I. The orders subject to appeal

Before addressing the merits of the motions, it is helpful to clarify the scope of Harry Alexander's appeal. At the hearing on May 10, counsel for Alexander explicitly represented that no decision was rendered by the U.S. Bankruptcy Court for the Southern District of New York with respect to the motion to dismiss for lack of jurisdiction filed by Alexander in that court. Accordingly, Alexander is not appealing any decision by the bankruptcy court on the question of subject matter jurisdiction. Nor do the parties dispute that Alexander does in fact appeal from the April 7 revocation order.

There appears to be some dispute, however, as to whether Alexander appeals from the order transferring venue back to the Vermont bankruptcy court. As the Bank points out, the notice of appeal filed with this Court refers only to the revocation order and not to the transfer order. At the same time, counsel for Alexander represented at oral argument that he was appealing the transfer order but only insofar as the bankruptcy court lacked jurisdiction to enter that order. Out of an abundance of caution, and in light of the fact that the notice of appeal was filed in haste in conjunction with the motion for an emergency stay, this Court will assume without deciding that Alexander appeals not only the revocation order but also the transfer order.

## II. Motion to dismiss the appeal

The Bank maintains that Alexander's appeal to this Court should be dismissed pursuant to 28 U.S.C. § 158. That statute provides in pertinent part:

> (a) The district courts of the United States shall have jurisdiction to hear appeals
>
> (1) from final judgments, orders, and decrees;
>
> . . . .
>
> (3) with leave of the court, from other interlocutory orders and decrees; and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

Thus, this Court must address, first, whether the revocation and transfer orders were final or interlocutory, and second, if the orders are found to be interlocutory, whether leave to appeal should be granted.

## A. Finality of the orders

A bankruptcy order is final if it " 'finally dispose[s] of discrete disputes within the larger case.' " *Shimer v. Fugazy (In re Fugazy Express, Inc.)*, 982 F.2d 769, 775 (2d Cir.1992) (quoting *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1283 (2d Cir.1990)); *see Dubin v. Securities & Exch. Comm'n (In re Johns–Manville Corp.)*, 824 F.2d 176, 179 (2d Cir.1987). "[A] 'dispute,' for appealability purposes in the bankruptcy context, means at least an entire claim on which relief may be granted." *Fugazy*, 982 F.2d at 775–76.

Assessing the orders below under that standard, the orders transferring venue and revoking authorization to invade the IRA do not finally dispose of entire claims upon which relief may be granted. Accordingly, the orders below were not final but rather were interlocutory in nature.

## B. Leave to appeal

Because the orders were interlocutory, this Court must next address whether leave to appeal should be granted. Although it appears that Alexander failed to file a formal motion for leave to appeal as required by Fed. R. Bankr.P. 8001(b), this Court will construe his notice of appeal liberally and deem it to constitute such a motion. District courts within this Circuit have permitted appeal of interlocutory bankruptcy orders on either of two bases: the "collateral order" doctrine or the standards applicable to 28 U.S.C. § 1292(b). *See, e.g., North Fork Bank v. Abelson*, 207 B.R. 382, 387 (E.D.N.Y.1997) (collecting cases).

### 1. The collateral order doctrine

The collateral order doctrine was first set forth by the Supreme Court in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949). In order to appeal an interlocutory decision pursuant to this doctrine, the decision "[1] must

conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the actions, and [3] be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468–69, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978); *see also United States v. Weiss*, 7 F.3d 1088, 1089 (2d Cir.1993) (all three prongs must be satisfied).

### 2. 28 U.S.C. § 1292(b)

District courts may also grant leave to appeal an interlocutory bankruptcy order pursuant to the standards set forth in 28 U.S.C. § 1292(b), which determines the appealability of interlocutory district court orders. *See North Fork Bank*, 207 B.R. at 387. Pursuant to that statute, an interlocutory appeal may be granted when (1) the order appealed from "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). In addition, in appeals from orders of the bankruptcy court, the appeal must present "exceptional circumstances" warranting interlocutory review. *North Fork Bank*, 207 B.R. at 387; *accord Gache v. Balaber-Strauss*, 198 B.R. 662, 664 (S.D.N.Y.1996).

First, an order pertains to a controlling question of law if "either (1) reversal of the bankruptcy court's order would terminate the action, or (2) determination of the issue on appeal would materially affect the outcome of the litigation." *North Fork Bank*, 207 B.R. at 389–90 (citing *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir.1990)). Second, for there to be "substantial grounds for difference of opinion," the issue "must involve more than strong disagreement between the parties," although this prong will be satisfied if the issue is " 'difficult and of first impression.' " *Id.* at 390 (quoting *Klinghoffer*, 921 F.2d at 25). Finally, the appeal must "materially advance the ulti-mate termination of the litigation," and "exceptional circumstances" must warrant immediate review. *Id.* at 391.

### 3. Analysis

In the present appeal, it is readily apparent that the revocation order neither conclusively determines the question decided nor involves a controlling question of law. Moreover, the Second Circuit has repeatedly held that interlocutory review is generally unavailable—pursuant to either the collateral order doctrine or the standards applicable to section 1292(b)—for orders deciding questions of venue. *See SongByrd, Inc. v. Estate of Grossman*, 206 F.3d 172, 177 n. 5 (2nd Cir.2000); *Chasser v. Achille Lauro Lines*, 844 F.2d 50, 53 (2d Cir.1988); *A. Olinick & Sons v. Dempster Bros., Inc.*, 365 F.2d 439, 443 (2d Cir.1966); *Americare Health Group, Inc. v. Melillo*, 223 B.R. 70, 73 (E.D.N.Y.1998); *Totonelly v. Cardiology Assocs.*, 936 F.Supp. 165, 167 (S.D.N.Y. 1996); *see also Filmline (Cross–Country) Prods., Inc. v. United Artists Corp.*, 865 F.2d 513, 520 (2d Cir.1989). *But see Effron v. Sun Line Cruises, Inc.*, 67 F.3d 7, 9 (2d Cir.1995); *Murray v. Pan Am. World Airways, Inc. (In re Pan Am Corp.)*, 16 F.3d 513, 515 (2d Cir.1994).

The Second Circuit has allowed review of interlocutory venue determinations when a party claims that the court below considered an improper criterion in making its decision, as distinct from making an improper application of the proper factors. *See, e.g., SongByrd*, 206 F.3d at 177 n. 5 (citing *Red Bull Assocs. v. Best Western Int'l, Inc.*, 862 F.2d 963, 965 n. 4 (2d Cir.1988)). The present case does not present such a situation, however, as counsel for Alexander clarified at oral argument that he appeals the transfer order only insofar as the bankruptcy court lacked jurisdiction to enter the order, and not because the court applied an improper criterion in reaching its determination that the petition should be transferred to Vermont.

Moreover, to the extent that efficiency and fairness mitigate in favor of immediate

review of the question of venue, that review is more properly sought in the U.S. District Court for the District of Vermont for two reasons. First, it was the Vermont bankruptcy court that initially decided the question of venue, and 28 U.S.C. § 158 explicitly contemplates that review of any bankruptcy decision should be taken within the same judicial district. Second, at oral argument the parties represented that a notice of appeal was already filed in the U.S. District Court for the District of Vermont, and there is no reason why that court should not be permitted to decide this question in the first instance.

Accordingly, leave to appeal should be denied and the appeal should be dismissed.

### III. Stay pending appeal

■ Because this appeal will be dismissed, Alexander's motion for a stay of the revocation order pending appeal is moot. In the alternative, even were appeal permitted, this Court would find that the motion for a stay should be dismissed on the grounds that Alexander failed to seek that relief from the bankruptcy court in the first instance.

Fed.R.Bankr.P. 8005 provides for the issuance of a stay pending appeal as follows:

> A motion for a stay of the judgment, order, or decree of a bankruptcy judge, ... or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance.... A motion for such relief ... may be made to the district court ... but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge.

District courts and bankruptcy appellate panels have regularly dismissed appeals for unexplained failure to apply first to the bankruptcy court. *See Zahn Farms v. Key Bank (In re Zahn Farms)*, 206 B.R. 643, 644–45 (2d Cir. BAP 1997); *In re Sphere Holding Corp.*, 162 B.R. 639, 641–42 (E.D.N.Y.1994); *In re Duncan*, 107 B.R. 758, 759 (W.D.Okla.1988); *In re Wilson*, 53 B.R. 123, 124 (D.Mont.1985); *Wymer v. Wymer (In re Wymer)*, 5 B.R. 802, 807–08 (9th Cir. BAP 1980).

■ Alexander does not dispute that he did not file a motion seeking such a stay from the bankruptcy court as directed by Judge Blackshear. *See* Aff. of Douglas J. Pick dated Apr. 14, 2000, at ¶ 1 n. 1. Alexander argues, however, that there was no need to do so because the bankruptcy court lacked jurisdiction to enter the revocation order in the first place, *see id.*, and because Judge Blackshear had announced to the parties that he would be unavailable after a few days. However, an asserted lack of jurisdiction on the part of the bankruptcy court does not provide grounds for ignoring its directives. Moreover, Alexander has not established cause for not filing the motion during the period prior to Judge Blackshear's projected unavailability.

Accordingly, the motion for a stay of the revocation order pending appeal should be dismissed.

### CONCLUSION

For the reasons set forth above, Alexander's motion for a stay of the revocation order pending appeal is dismissed, and the Bank's cross-motion to dismiss the appeal is granted. Accordingly, the appeal is hereby dismissed.