**OFFICIAL CREDITORS COMMITTEE OF INDUSTRIAL CERAMICS, INC., Plaintiff,**

v.

**INDUSTRIAL CERAMICS ASSOCIATES, ABB Power Tool & Die Company, Inc., Defendants.**

**No. 00–CV–6222L.**

United States District Court, W.D. New York.

Aug. 11, 2000.

---

David MacKnight, Lacy, Katzen, Ryen & Mittleman, Rochester, NY, David A. White, Fairport, NY, for Official Creditors Committee of Industrial Ceramics, Inc.

Clifford M. Solomon, Corwin, Solomon & Tanenbau, P.C., New York City, for Industrial Ceramics Associates.

Jeffrey W. Baker, Harris, Beach & Wilcox, Rochester, NY, Peter F. Rosenthal, Manta & Welge, Philadelphia, PA, for ABB Power Tool & Die Company, Inc.

## DECISION AND ORDER

LARIMER, Chief Judge.

### INTRODUCTION

On April 8, 1996, Industrial Ceramics, Inc., a manufacturer of porcelain insulators, filed a Chapter 11 bankruptcy petition. The bankruptcy court subsequently appointed an Official Creditors Committee of Industrial Ceramics, Inc. ("the Committee"), to commence an adversary proceeding against Industrial Ceramics Associates ("Associates") and ABB Power Tool & Die Company, Inc. ("ABB"), so that the bankruptcy court could determine whether certain transfers to Associates and ABB could be avoided.

The Committee commenced the adversary proceeding on April 6, 1998. The complaint set forth ten causes of action relating to a number of transfers to the de-

fendants. After the Committee moved for summary judgment on all its claims, on March 14, 2000 Bankruptcy Judge John C. Ninfo, II issued a Decision and Order denying the Committee's motion except as to the first cause of action. That cause of action alleged that a transfer of $700,000 from Lapp Insulators, Inc. ("Lapp") to ABB, at the direction of Industrial Ceramics, Inc., in connection with the sale to Lapp of Industrial Ceramics' large-tube divisions, together with a "Deferred Payment Component" of that sale, should be avoided because they were transfers in consideration of the redemption of ABB's Preferred Stock in Industrial Ceramics, in violation of N.Y.Bus.Corp.L. §§ 513(a) and (c).

As to that first cause of action, Judge Ninfo granted summary judgment in favor of the Committee. He directed ABB to turn over to the Committee, to be held by it in an interest-bearing bank account pending further court order, an amount equivalent to the $25,000 consideration which ABB had received in connection with the redemption of the Preferred Stock, and any and all amounts that it had received on the Deferred Payment Component, if any. Judge Ninfo further directed ABB to immediately turn over to the Committee any amounts which it received in the future on the Deferred Payment Component. Judge Ninfo stated that "[a]fter trial, the Court will determine whether any other amounts ultimately received by ABB in connection with the Lapp Sale constituted additional consideration for the redemption of the Preferred Stock."

ABB filed a notice of appeal from Judge Ninfo's Decision and Order on March 24, 2000. ABB contends that Judge Ninfo erred in granting summary judgment for the Committee on the first cause of action. The Committee has moved to dismiss the appeal on the grounds that Judge Ninfo's order was an interlocutory order from which ABB is not entitled to appeal as of right, and that ABB should not be granted leave to appeal. For the reasons that follow, the Committee's motion is granted.

## DISCUSSION

Section 158(a) of Title 28 provides, in pertinent part:

(a) The district courts of the United States shall have jurisdiction to hear appeals

(1) from final judgments, orders, and decrees;

\*  \*  \*  \*  \*  \*

(3) with leave of the court, from other interlocutory orders and decrees;

and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.

There is authority that "[f]or purposes of appeal, the concept of 'finality' is more flexible in the bankruptcy context than in ordinary civil litigation." *In re Palm Coast, Matanza Shores Ltd. Partnership*, 101 F.3d 253, 257 (2d Cir.1996). The Second Circuit has added, however, that it "appl[ies] the same standards of finality that [it] appl[ies] to an appeal under 28 U.S.C. § 1291." *In re Fugazy Express, Inc.*, 982 F.2d 769, 775 (2d Cir.1992).

Under this rule, immediate appeal in bankruptcy cases may be taken from orders that "finally dispose of discrete disputes within the larger case." *In re Sonnax Industries, Inc.*, 907 F.2d 1280, 1283 (2d Cir.1990). The Court of Appeals has said that "[b]y 'disputes' we do not mean merely competing contentions with respect to separable issues; ... a 'dispute,' for appealability purposes in the bankruptcy context, means at least an entire claim on which relief may be granted. Thus, with respect to a meritorious claim for damages, the dispute is not completely resolved until the bankruptcy court determines the amount of damages to be awarded." *Fugazy*, 982 F.2d at 775–76. In sum, "for a bankruptcy court order to be final within the meaning of § 158(d), the

order need not resolve all of the issues raised by the bankruptcy; but it must completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief." *In re Integrated Resources, Inc.,* 3 F.3d 49, 53 (2d Cir. 1993).

Judge Ninfo's order with respect to the Committee's first cause of action was not "final" under this standard. Although he found that Industrial Ceramics was equitably insolvent for purposes of Bus. Corp.L. § 513, and that the amounts paid or to be paid to ABB in consideration of the redemption of the Preferred Stock were therefore avoidable, he added that "*some* portion *or* all of the amounts paid to Associates, and thereafter immediately paid by Associates to ABB, *may* in fact have been additional consideration for the redemption of the Preferred Stock. However, I believe that this can be determined *only after a trial* . . . ." Decision and Order at 25–26. In the Conclusion, Judge Ninfo simply ordered ABB to turn over certain monies into an interest-bearing account, and stated, "After trial, the Court will determine whether any other amounts ultimately received by ABB in connection with the Lapp Sale constituted additional consideration for the redemption of the Preferred Stock." Decision and Order at 31–32.

Clearly, then, issues remain to be resolved with respect to this claim, and it is not immediately appealable under § 158(a). "It is a basic rule of finality that 'only when nothing save ministerial tasks relating to computation of damages remains can a mere determination of liability be construed as a [28 U.S.C. § 1291] "final decision." ' " *Integrated Resources,* 3 F.3d at 53 (quoting *Arp Films, Inc. v. Marvel Entertainment Group, Inc.,* 905 F.2d 687, 689 (2d Cir.1990)). That is not the situation here. As the court stated in *Fugazy,* "with respect to a meritorious claim for damages, the dispute is not completely resolved until the bankruptcy court determines the amount of damages to be award-

ed." 982 F.2d at 775–76. Here, Judge Ninfo stated that only after a trial would he be able to make such a determination.

Section 158(a) also gives district courts jurisdiction to hear bankruptcy appeals from non-final bankruptcy court orders if taken with leave of the district court. *Palm Coast,* 101 F.3d at 256; *Matter of Ichinose,* 946 F.2d 1169, 1177 (5th Cir.1991). When an appeal of an interlocutory order has been taken without leave from the Bankruptcy Court, the District Court "shall consider the notice of appeal as a motion for leave to appeal." Bankruptcy Rule 8003(c).

"[T]he vast majority of district courts . . . have adopted the standard under 28 U.S.C. § 1292(b) for interlocutory appeals from district court orders . . . ." *Ichinose,* 946 F.2d at 1177. Under that standard, interlocutory orders "may be appealed only if: 1) the order involves an issue about which there is substantial ground for difference of opinion; 2) a controlling question of law is involved; and 3) immediate appeal from the order may materially advance the ultimate termination of the litigation." *Gache v. Balaber–Strauss,* 198 B.R. 662, 664 (S.D.N.Y.1996). In bankruptcy cases, courts will entertain an interlocutory appeal only when "exceptional circumstances" exist. *Klinghoffer v. S.N.C. Achille Lauro,* 921 F.2d 21, 25 (2d Cir.1990) (quoting *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 475, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978)), *vacated on other grounds,* 937 F.2d 44 (2d Cir.1991).

No exceptional circumstances exist here, nor has appellant met the three-prong standard of § 1292(b). "To establish that an order contains a controlling question of law, it must be shown that either (1) reversal of the bankruptcy court's order would terminate the action, or (2) determination of the issue on appeal would materially affect the outcome of the litigation." *North Fork Bank v. Abelson,* 207 B.R. 382, 389 (E.D.N.Y.1997). No such showing has been made here.

■ In addition, "[f]or there to be substantial grounds for difference regarding an issue, it must involve more than strong disagreement between the adversary parties." *Id.* at 390. In the case at bar, "[t]here is nothing before the Court to suggest that there is anything more than a strong ... disagreement between the adversary parties." *In re Goodman,* 1999 WL 187073 at *3 (S.D.N.Y. Apr.6, 1999). Third, rather than advance the ultimate termination of this litigation, the piecemeal appeal sought by appellant would only cause the unneeded expenditure of judicial resources.

■ Moreover, when multiple claims or parties are involved in an action, the finality of an order which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties must also be determined in light of Federal Rule of Civil Procedure 54(b). *In re Pan Am Corp.,* 159 B.R. 396, 400 (S.D.N.Y.1993). Bankruptcy Rule 7054 expressly provides that "Rule 54(a)–(c) F.R.Civ.P. applies in adversary proceedings." [1]

■ The law of this Circuit requires "strict compliance with Rule 54(b)" in the bankruptcy context. *In re Chateaugay Corp.,* 928 F.2d 63, 64 (2d Cir.1991) (per curiam). More specifically, the Second Circuit has held that an order granting partial summary judgment disposing of only one of two pending claims in an adversary proceeding is interlocutory and therefore not appealable as a final order absent compliance with Rule 54(b). *In re*

*Chateaugay Corp.,* 922 F.2d 86, 90–91 (2d Cir.1990). In support of this holding, the Second Circuit cited *In re Wood & Locker, Inc.,* 868 F.2d 139 (5th Cir.1989), which held that "given the clear mandate of Bankruptcy Rule 7054, no appeal may be taken from a bankruptcy court order that adjudicates fewer than all of the claims or the rights and liabilities of fewer than all of the parties in an adversary proceeding absent Rule 54(b) certification—even if the order would be considered final if it arose in another context." *Id.* at 144.

Here, there has been no Rule 54(b) certification. Thus, even if Judge Ninfo's order could be considered "final"—which it is not—this provides an additional ground for dismissing the appeal. *See In re Gen'l Development Corp.,* 179 B.R. 335, 337 (S.D.Fla.1995) (court lacked subject matter jurisdiction over bankruptcy appeal where bankruptcy judge had not certified that there was no just reason for delay of appeal of his order).

■ I am also not persuaded by ABB's contention that Judge Ninfo's order is appealable because it amounts to an injunction under 28 U.S.C. § 1292(a)(1).[2] In *Carson v. American Brands, Inc.,* 450 U.S. 79, 84, 101 S.Ct. 993, 67 L.Ed.2d 59 (1981), the Supreme Court stated:

> Because § 1292(a)(1) was intended to carve out only a limited exception to the final-judgment rule, we have construed the statute narrowly to ensure that appeal as of right under § 1292(a)(1) will

**1.** Rule 54(b) states:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights

and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

**2.** *See* 28 U.S.C. § 1292(a)(1) (courts of appeals have jurisdiction of appeals from interlocutory orders granting injunctions); 28 U.S.C. § 158(c)(2) (appeals of bankruptcy court orders taken to district court in same manner as district court orders are appealed to courts of appeal).

be available only in circumstances where an appeal will further the statutory purpose of "permit[ting] litigants to effectually challenge interlocutory orders of serious, perhaps irreparable, consequence." Unless a litigant can show that an interlocutory order of the district court might have a "serious, perhaps irreparable, consequence," and that the order can be "effectually challenged" only by immediate appeal, the general congressional policy against piecemeal review will preclude interlocutory appeal.

(Quoting *Baltimore Contractors, Inc. v. Bodinger*, 348 U.S. 176, 181, 75 S.Ct. 249, 99 L.Ed. 233 (1955), *overruled on other grounds, Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988)).

The Second Circuit has also stated that "this statutory exception to the final-judgment rule has generally been narrowly construed," and that "review under '§ 1292(a)(1) is limited to injunctions which give or aid in giving some or all of the substantive relief sought by a complaint.' " *Feit & Drexler, Inc.*, 760 F.2d 406, 411–12 (2d Cir.1985) (quoting *Miller v. United States*, 403 F.2d 77, 78 (2d Cir.1968)). This is consistent with the rule that "[g]iven the Congressional policy disfavoring piecemeal appeals, provisions such as § 1292 authorizing 'appeals from interlocutory orders [should] be strictly limited to the unusual situations wherein such appeals are expressly authorized.' " *Fugazy*, 982 F.2d at 777 (quoting *Sierra Club v. Marsh*, 907 F.2d 210, 214 (1st Cir.1990)).

ABB has not shown that Judge Ninfo's order falls into this narrow exception to the finality rule. The case relied upon by ABB, *In re Neuman*, 81 B.R. 796 (S.D.N.Y.1988), is factually inapposite. In that case, the bankruptcy judge had ordered one of the parties to continue making rent payments pending a final determination of the adversary proceeding. The bankruptcy judge herself had noted that the effects of that order might have been irreversible, because if the leases at issue were ultimately determined to be invalid, the estate might not be able to recover the monies overpaid.

No similar situation exists here. The amounts to be turned over by ABB will not be spent, or vanish, but will be placed in an interest-bearing account. There is also no evidence that the turnover of those funds will have a serious adverse effect on ABB's day-to-day operations, or any other irreversible or irreparable effects. Judge Ninfo's order is therefore not appealable as an injunction.

## CONCLUSION

The motion to dismiss the appeal in this case (Docket Item 1) is granted, and the appeal is dismissed.

IT IS SO ORDERED.