**In the Matter of Beverly
A. WARD, Debtor.**

**Bankruptcy No. BK90–40405.**

United States Bankruptcy Court,
D. Nebraska.

May 14, 1991.

**418**

Beverly A. Ward, pro se.

Kathleen Laughlin, Omaha, Neb., Chapter 13 trustee.

## MEMORANDUM OPINION

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

Before the court is a Request for Allowance of Administrative Expense Claim by the standing Chapter 13 trustee and objection thereto by the debtor. This bankruptcy case was dismissed on November 13, 1990 *before a plan was confirmed.* The standing Chapter 13 trustee requests allowance of a $100.00 administrative expense claim. The trustee proposes to withhold the $100.00 from the funds being held for return to the debtor. I sustain the debtor's objection and hold that 11 U.S.C. § 326(b) prohibits allowance of a standing Chapter 13 trustee's claim for administrative expenses.

In numerous Nebraska bankruptcy cases, the standing Chapter 13 trustee seeks leave to withhold some amount as an administrative expense upon the dismissal or conversion of a case before plan confirmation. As in this case, the Chapter 13 trustee asserts that since valuable services have been performed and considerable expense has been incurred in the performance of the trustee's duties, the trustee should be compensated and reimbursed for expenses even in the absence of a confirmed plan. Under 28 U.S.C. § 586(e), a standing trustee is compensated by receiving a percentage of payments made under a debtor's plan. Where a plan has not been confirmed, the trustee is not entitled to the statutory percentage fee. Thus, as in this case, the standing trustee files a motion seeking allowance of an administrative claim under § 503 usually in the amount of $100.00. In this case, the pro se debtor has objected.

In LUNDIN, *Chapter 13 Bankruptcy* § 3.63 at 3–60 (1990) it states that "There is much local variation whether the Chapter 13 trustee is entitled to compensation or reimbursement of expenses and in what amount where the case is dismissed or converted before confirmation." Bankruptcy Code § 1326(a)(2) provides, that if a plan is not confirmed, the trustee must return any payments made by the debtor to the debtor after deducting any unpaid claim allowed under § 503(b). According to Judge Lundin, because the compensation of standing trustees probably fits within the description of administrative expenses in 11 U.S.C. § 503(b), it would seem logical that at least the actual expenses of a Chapter 13 trustee are recoverable as administrative expenses from funds on hand in unconfirmed cases. LUNDIN, *supra.*

However, the above analysis fails to consider the effect of 11 U.S.C. § 326(b) which provides:

"In a case under chapter 12 or 13 of this title, the court may not allow compensa-

tion for services or reimbursement of expenses of the United States Trustee or a standing trustee ..., but may allow reasonable compensation under section 330 ... of a trustee appointed under section 1202(a) or 1302(a) ... for the trustee's services, payable after the trustee renders such services, not to exceed five percent upon all payments under the plan."

The statute is clear in providing that the court may not allow compensation to a standing trustee for services rendered or expenses incurred. The only compensation that a standing trustee may receive is the percentage fee provided by 28 U.S.C. § 586(e). If a case is converted or dismissed before confirmation of a plan, the standing trustee is not entitled to a percentage fee under § 586(e) and the bankruptcy court is prohibited from allowing such compensation by § 326(b).

The Chapter 13 trustee asserts that § 326 does not deal with administrative claims of trustees, but is merely a hold over provision which was designed to deal with the compensation of non-standing Chapter 12 and Chapter 13 trustees. To the contrary, the statute specifically limits the compensation of a standing Chapter 13 trustee, and permits the court to allow compensation to a non-standing trustee appointed under § 1302(a).

■ Further, the trustee asserts that § 326(b) should not be interpreted to divest the bankruptcy court of its power to allow a standing trustee an administrative expense claim. According to the trustee, such an interpretation renders the administrative expense claim provisions of the bankruptcy code ineffectual and means that all trustees who are supervised by the United States Trustee program will be denied administrative expense claims because the court has no authority to allow them to receive money. I do not follow the logic of this argument. The plain meaning of legislation should be conclusive, except in the rare case in which the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters. *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989); *see also*

*United Savings Assoc. of Texas v. Timbers of Inwood Forest Assoc., Ltd.*, 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988). A literal application of § 326(b) merely limits the court's authority to allow administrative claims of the United States Trustee and the standing Chapter 13 trustee. It does not completely divest the court of its authority under § 503 to allow administrative claims to other parties, including a non-standing trustee appointed under § 1302(a). Congress exclusively provided for compensation and reimbursement of expenses for standing trustees under 28 U.S.C. § 586(e). Congress divested the bankruptcy court of authority to allow further payments to standing trustees. The court should not ignore the clear language of the bankruptcy code. The standing trustee's only source of compensation will be from cases that have confirmed plans. When a case is converted or dismissed before plan confirmation, the bankruptcy court may not allow the standing trustee compensation as an administrative expense.

■ Next, the trustee asserts that she is entitled to an administrative claim on a *quantum meruit* basis. She cites several cases allowing an administrative claim to Chapter 7 trustees as compensation for services performed prior to conversion or dismissal of a Chapter 7 case. *See In re Stabler*, 75 B.R. 135 (Bankr.M.D.Fla.1987); *In re Pray*, 37 B.R. 27 (Bankr.M.D.Fla. 1983). However, these Chapter 7 cases are distinguishable because there is no prohibition on allowing compensation for services or reimbursement of expenses to a Chapter 7 trustee as there is for a standing Chapter 13 trustee.

Further, the Chapter 13 standing trustee relies on statements from the United States Trustee for Region 13 who, according to the Chapter 13 standing trustee, considers administrative claims to be outside the scope of his rate setting powers under 28 U.S.C. § 586(e) and who states that standing trustees in Kansas City, St. Louis, and Arkansas are allowed a flat fee as an administrative claim in unconfirmed cases. The practice before other bankruptcy courts, of itself, does not provide a reason for this court to permit compensation which I believe is not permitted by § 326.

Finally, the Chapter 13 trustee states that in previous cases in Nebraska, she too has been allowed a flat fee as an administrative claim. In previous cases I have allowed such claims after notice and hearing. This is the first instance where an objection to the administrative claim has been filed. The objecting debtor is entitled to assert an objection to the Chapter 13 trustee's interpretation of § 326(b) and is entitled to rely on the clear and unambiguous language of the statute. The fact that the trustee received administrative expense compensation in uncontested prior proceedings does not of itself establish a right to compensation or a legal justification for overruling debtor's objection to the trustee's application.

IT IS THEREFORE ORDERED, that the Request for Allowance of Administrative Claim (Fil. # 29) is hereby denied.