Kathleen A. LAUGHLIN, Chapter 13 Trustee, Appellant,

v.

Charles JENSEN, et al., Appellees.

No. 4:CV91–3310.

United States District Court, D. Nebraska.

Nov. 20, 1992.

Julia Gold of Brashear & Ginn, Omaha, NE, for appellant.

Leonard Tabor, Gering, NE, for appellees.

## MEMORANDUM AND ORDER ON APPELLANT'S MOTION FOR RECONSIDERATION

URBOM, Senior District Judge.

The appellant, Kathleen Laughlin, Trustee, filed a motion for reconsideration, pursuant to Fed.R.Civ.P. 59(e), of this court's May 26, 1992, decision affirming the August 26, 1991, final order of the Bankruptcy Court for the District of Nebraska in the bankruptcy case BK 90–41490 regarding the appellant's request for reimbursement of an administrative expense claim. (Filing 8.)

A Rule 59(e) motion must be based on one of three grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) need to correct a clear error or prevent manifest injustice." *Kern–Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *modified on other grounds*, 828 F.2d 514 (9th Cir.1987), *cert. denied*, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988).

Laughlin asserts that this court's conclusion that the appellant did not incur any costs and expenses reimbursable pur-

suant to 11 U.S.C. § 503(b)(1)(A) is erroneous and conflicts with applicable law. In my May 26, 1992, opinion I stated that:

> Section 503(b)(1)(A) allows for administrative expenses, including "the actual, necessary costs and expenses of preserving the estate." The statute does not define specifically what is meant by "preserving the estate." ... The language of this section does not include a specific allowance for a standing trustee's claim for reimbursement of standard administrative costs incurred in setting up a chapter 13 case.

(Memorandum and Order at 2.) The appellant argues that section 503(b)(1)(A) expenses are conceptually the kind of expenses afforded to those who assist with rehabilitation of the debtor so that all creditors will benefit. *In re Armorflite Precision, Inc.*, 43 B.R. 14, 16 (Bankr.D.Me. 1984), *aff'd*, 48 B.R. 994 (Bankr.D.Me.1985). Section 503(b)(1)(A) expenses include expenses such as Chapter 13 computer set-up costs and notices. *In re Barbee*, 82 B.R. 470, 473 (Bankr.N.D.Ill.1988). Upon further consideration, my finding that the expenses at issue were not section 503(b)(1)(A) expenses, is contrary to the applicable law. I will vacate my order of May 26, 1992.

■ The appellant further asserts that this court did not reach the issue presented in the appeal regarding the bankruptcy court's authority to award section 503(b)(1)(A) administrative expenses to a standing chapter 13 trustee. The appellant is correct, so I shall address the issue now. The bankruptcy court[1] held that pursuant to 11 U.S.C. § 326(b) and as stated in *Matter of Ward*, 132 B.R. 417 (Bankr.D.Neb. 1991), the bankruptcy court lacks authority to grant a chapter 13 standing trustee's request for reimbursement of an administrative expense claim.

> In a case under chapter 12 or 13 of this title, the court may not allow compensation for services or reimbursement of expenses of the United States trustee or of a standing trustee appointed under section 586(b) of title 28, but may allow reasonable compensation under section 330 of this title of a trustee appointed under section 1202(a) or 1302(a) of this title for the trustee's services, payable after the trustee renders such services, not to exceed five percent upon all payments under the plan.

11 U.S.C. § 326(b). On appeal, the bankruptcy court's legal conclusions are reviewed *de novo*. *Kubicik v. Apex Oil Co. (In re Apex Oil Co.)*, 884 F.2d 343, 348 (8th Cir.1989). Statutory construction involves issues of law and are reviewed *de novo*. *Fidelity & Casualty Co. v. Warren (In re Warren)*, 89 B.R. 87, 90 (Bankr. 9th Cir. 1988).

■ The language of section 326(b) prohibits the reimbursement of expenses to a standing trustee "[i]n a case under chapter 12 or 13." 11 U.S.C. § 326(b). The case at issue was converted to a chapter 7 case and the trustee filed an administrative expense claim after the case was converted. Section 326(b) is not applicable to a claim for reimbursement of an administrative expense under chapter 7. Section 326(b) is not a bar to awarding a standing trustee reimbursement of administrative expenses under chapter 7. The determination of the correct amount, if any, of administrative expenses that are reimbursable in this case is best left to the sound discretion of the bankruptcy court. I will grant the appellant's motion and remand this case to the bankruptcy court for a determination consistent with this opinion.

IT IS ORDERED that:

1. The order of May 26, 1992, filing 6, is vacated;

2. The appellant's motion for reconsideration, filing 8, is granted; and

3. United States Bankruptcy Judge John C. Minahan's order of August 26, 1991, filing 39, is reversed and

---

1. The Honorable John C. Minahan, Jr., United States Bankruptcy Judge for the District of Nebraska.

the case is remanded for further findings.