**In re Ernest Martin RIVERA and Jill Rivera, Debtors.**

**No. 13–9910346 MA.**

United States Bankruptcy Court, D. New Mexico.

June 6, 2001.

Kelley L. Skehen, Standing Chapter 13 Trustee, Albuquerque, NM, pro se.

Steve H. Mazer, Albuquerque, NM, for debtors.

### ORDER DENYING MOTION FOR ALLOWANCE OF TRUSTEE'S FEES UNDER 28 U.S.C. § 586

MARK B. McFEELEY, Bankruptcy Judge.

THIS MATTER came before the Court on the Motion for Allowance of Trustee's Fees Under 28 U.S.C. § 586 ("Motion"), filed by the standing Chapter 13 Trustee. The Chapter 13 Trustee seeks allowance of the ten percent fee provided by 28 U.S.C. § 586 on payments received from the Debtors in a case that was dismissed prior to confirmation. After reviewing the briefs and arguments submitted by counsel, and being otherwise fully informed, the Court finds the reasoning in *In re Ward*, 132 B.R. 417 (Bankr.D.Neb.1991) persuasive and will therefore deny the Motion.

■ In *In re Ward*, the standing Chapter 13 trustee sought compensation of fees as an administrative expense in a Chapter 13 case that was dismissed prior to confirmation.[1] In reaching its conclusion that the standing Chapter 13 trustee was not entitled to a claim for administrative expenses, the court in *Ward* noted that the *only* compensation a standing Chapter 13

trustee may recover is the percentage fee provided in 28 U.S.C. § 586(e). *Ward*, 132 B.R. at 419. Moreover, "[i]f a case is converted or dismissed before confirmation of a plan, the standing trustee is not entitled to a percentage fee under § 586(e) and the bankruptcy court is prohibited from allowing such compensation by § 326(b).[2]" *Id.* This Court agrees.

This conclusion is also consistent with the language contained in 28 U.S.C. § 586 and applicable Bankruptcy Code provisions. Section 586 of Title 28, which is the only means by which the standing Chapter 13 Trustee can claim fees, authorizes the Attorney General to fix a percentage fee. 28 U.S.C. § 586(e)(1)(B). It provides further:

Such individual shall collect such percentage fee from all payments received by such individual under plans in the cases under chapter 12 or 13 of title 11 for which such individual serves as standing trustee.

28 U.S.C. § 586(e)(2).

This language entitles the standing Chapter 13 Trustee to collect a percentage fee, and it specifies the amounts upon which the percentage fee shall be computed, but it is silent with regard to when such fee shall be disbursed, whether confirmation is a pre-requisite to distribution of the fee, or what effect pre-confirmation dismissal or conversion may have on the standing Chapter 13 Trustee's entitlement

---

1. Here, the Chapter 13 Trustee concedes that 11 U.S.C. § 326 does not govern compensation of standing Chapter 13 trustees, such that 11 U.S.C. § 330(a) and § 503(b) concerning attorneys' fees and administrative expenses, are inapplicable. *See* Chapter 13 Trustee's Reply Brief in Support of Allowance of Trustee's Fee in Pre-confirmed Cases Upon Dismissal or Conversion, p. 2.

2. 11 U.S.C. § 326(b) provides:

In a case under chapter 12 or 13 of this title, the court may not allow compensation for services or reimbursement of expenses of the United States Trustee or of a standing trustee appointed under section 586(b) of title 28, but may allow reasonable compensation under section 330 of this title for the trustee's services, payable after the trustee renders such services, not to exceed five percent upon all payments under the plan
11 U.S.C. § 326(b).

to her percentage fee. Regardless of the provisions contained in 28 U.S.C. § 586, the standing Chapter 13 Trustee must also comply with other provisions of the Bankruptcy Code.

■ Section 1326 of Title 11 governs payments and disbursements associated with Chapter 13 plans of reorganization. It provides:

A payment made under this subsection shall be retained by the trustee until confirmation or denial of confirmation of a plan. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as practicable. If a plan is not confirmed, the trustee shall return any such payment to the debtor, after deducting any unpaid claim allowed under section 503(b) of this title.

11 U.S.C. § 1326(a)(2).

Thus 11 U.S.C. § 1326 contemplates that all payments to the standing Chapter 13 trustee are to be held by the standing Chapter 13 trustee pending confirmation. If a plan is not confirmed, then the standing Chapter 13 trustee must return all payments to the debtor, less any administrative expense claim pursuant to 11 U.S.C. § 503(b). As determined previously, the standing Chapter 13 trustee's percentage fee is not an administrative expense claim within the meaning of 11 U.S.C. § 503(b). It therefore follows that the standing Chapter 13 trustee is not authorized to deduct her percentage fee prior to returning payments to the debtor as required by 11 U.S.C. § 1326(a)(2) when a case is either dismissed or converted prior to confirmation.

Section 1326 provides further:

Before or at the time of each payment to creditors under the plan, there shall be paid—

(2) if a standing trustee appointed under section 586(b) of title 28 is serving in the case, the percentage fee fixed for such standing trustee under section 586(e)(1)(B) of title 28.

11 U.S.C. § 1326(b)(2).

This section provides for payment of the standing Chapter 13 trustee's percentage fee "before or at the time of each payment to creditors under the plan." 11 U.S.C. § 1326(b). This section viewed alone could be interpreted to mean that a standing Chapter 13 trustee can collect its percentage fee upon dismissal or conversion because the timing of payment would be "before ... payment to creditors under the plan." 11 U.S.C. § 1326(b). However, in order to give effect to the other provisions of 11 U.S.C. § 1326 and 28 U.S.C. § 586, this interpretation must fail. Section 1326 requires the standing Chapter 13 trustee to return to the debtors all payments received less only any § 503(b) administrative expenses when a plan is not confirmed. *See* 11 U.S.C. § 1326(a)(2). Section 586 of Title 28 provides the sole means of compensation for the standing Chapter 13 Trustee, and those percentage fees do not qualify as § 503(b) administrative expenses. To give full effect to all applicable provisions, 11 U.S.C. § 1326(b) seems to assume a prior confirmation. Here, when a case is dismissed or converted prior to confirmation, the standing Chapter 13 trustee is not entitled to collect her percentage fee from payments received.

WHEREFORE, IT IS HEREBY ORDERED that the Motion for Allowance of Trustee's Fees Under 28 U.S.C. § 586 is DENIED.