**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, <br><br> v. <br><br> LEVIAN DELA CAR PACHECO PACHECO, AKA Levian D. Pacheco, *Defendant-Appellant.* | No. 19-10014 <br><br> D.C. No. 2:17-cr-1152-PHX-SPL <br><br><br> OPINION |

On Appeal from the United States District Court
for the District of Arizona
Steven P. Logan, District Judge, Presiding

Argued and Submitted August 12, 2020
San Francisco, California

Filed October 6, 2020

Before: Susan P. Graber and Daniel A. Bress, Circuit
Judges, and Robert T. Dawson,[*] District Judge.

Opinion by Judge Dawson

---

[*] The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, sitting by designation.

**SUMMARY**[**]

**Criminal Law**

The panel affirmed convictions for sexually abusing minors at a facility that housed unaccompanied noncitizen children.

To establish federal jurisdiction under the statutes of conviction, 18 U.S.C. §§ 2243(b) and 2244(a)(4), the victims must be in "official detention"—a term that extends to detentions "pending . . . deportation." 18 U.S.C. § 2246(5)(A). The panel held that, under § 2246(5)(A), the phrase "pending … deportation" does not require a finding of actual or inevitable removal from the United States. Instead, it is sufficient that, as here, the government had initiated removal proceedings against the minors, even though those proceedings were unresolved and the minors therefore did not face a certainty of deportation. Because the government presented testimony establishing that the minors in this case had been served with Notices to Appear in Immigration Court and were placed into removal proceedings that created the possibility of deportation, the panel concluded that the statute's jurisdictional element was met.

The panel addressed additional issues in an unpublished memorandum disposition.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Keith J. Hilzendeger (argued), Assistant Federal Public Defender; Jon M. Sands, Federal Public Defender; Office of the Federal Public Defender, Phoenix, Arizona; for Defendant-Appellant.

Peter S. Kozinets (argued), Assistant United States Attorney; Krissa M. Lanham, Appellate Chief; Michael Bailey, United States Attorney; United States Attorney's Office, Phoenix, Arizona; for Plaintiff-Appellee.

---

**OPINION**

DAWSON, District Judge:

Levian Pacheco Pacheco appeals his convictions for sexually abusing minors at a facility that housed unaccompanied noncitizen children. After an eight-day jury trial, Pacheco was convicted of seven counts of abusive sexual contact with a ward, two counts of sexual abuse of a ward, and one count of attempted sexual abuse of a ward. *See* 18 U.S.C. §§ 2243(b), 2244(a)(4).

To establish federal jurisdiction under the statutes of conviction, the victims must be in "official detention"—a term that extends to detentions "pending . . . deportation." 18 U.S.C. § 2246(5)(A). Pacheco contends that his convictions should be vacated because the government presented insufficient evidence to demonstrate that the minors were in official detention. In Pacheco's view, a person is "pending deportation" only if he is awaiting actual removal from the United States following a final order of removal.

We hold that, under 18 U.S.C. § 2246(5)(A), the phrase "pending . . . deportation" does not require a finding of actual or inevitable removal from the United States. Instead, it is sufficient that, as here, the government had initiated removal proceedings against the minors, even though those proceedings were unresolved and the minors therefore did not face a certainty of deportation. Because the government presented testimony establishing that the minors in this case had been served with Notices to Appear in Immigration Court and were placed into removal proceedings that created the possibility of deportation, the statute's jurisdictional element was met.[1]

## I.

The minors were approximately fifteen to seventeen years old when they immigrated illegally to the United States. After the minors were taken into federal custody, the government placed them at Casa Kokopelli, a shelter that housed unaccompanied noncitizen children pursuant to a federal contract. From May 2016 to July 24, 2017, Levian Pacheco Pacheco was employed as a youth care worker at Casa Kokopelli. Pacheco's duties consisted of escorting the minors throughout the facility, monitoring the hallways, and conducting headcounts.

At Pacheco's trial, the minors testified that Pacheco had grabbed their genitalia through over-the-clothes touching. Two minors testified that Pacheco performed fellatio on them. One of the minors testified that Pacheco propositioned

---

[1] Pacheco raises additional evidentiary and sentencing challenges. We address these issues in a separate unpublished memorandum disposition, in which we affirm Pacheco's convictions.

him for anal sex, immediately after Pacheco unclothed himself and the minor and grabbed the minor's genitalia.

The government presented testimony from Jallyn Sualog, the deputy director for children's programs at the Office of Refugee Resettlement (ORR).**²** When the minors were housed at Casa Kokopelli, each minor had been served with a Notice to Appear in Immigration Court and their removal cases were in the process of being adjudicated. That was so even though, later, the minors were placed with sponsors in the United States and were not ultimately deported.

At the close of the government's case-in-chief, Pacheco moved for a Rule 29 judgment of acquittal on all counts. The court granted the motion on one count and denied the motion for the other counts. Pacheco renewed the motion after the defense rested; the court denied the renewed motion as well. On appeal, Pacheco contends the district court erred in denying the motion because the minors were not "pending . . . deportation" within the meaning of the statute. *See* 18 U.S.C. §§ 2243(b)(1), 2244(a)(4) (incorporating § 2243(b) by reference); 2246(5)(A) (defining "official detention" to include detention "pending . . . deportation").

## II.

### A.

This case presents a question of statutory interpretation, which we review *de novo*. *United States v. Ventre*, 338 F.3d

---

**²** ORR is a program within the United States Department of Health and Human Services.

1047, 1052 (9th Cir. 2003). The statutory definition of "official detention" is:

> *detention* by a Federal officer or employee, or under the direction of a Federal officer or employee, following arrest for an offense; following surrender in lieu of arrest for an offense; following a charge or conviction of an offense, or an allegation or finding of juvenile delinquency; following commitment as a material witness; following civil commitment in lieu of criminal proceedings or pending resumption of criminal proceedings that are being held in abeyance, or *pending* extradition, *deportation*, or exclusion[.]

*Id*. § 2246(5)(A) (emphasis added).

Pacheco argues for a limited construction of the phrase "pending . . . deportation." He contends that the natural reading of the phrase applies exclusively to persons awaiting actual, physical removal from the United States, as opposed to potential removal. The statute does not define "pending . . . deportation" and, thus, "we interpret that phrase using the normal tools of statutory interpretation." *Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562, 1569 (2017).

We begin our analysis with the text of the statute and with the presumption that Congress intended that the words used be given their plain and ordinary meaning. *United States v. Daas*, 198 F.3d 1167, 1174 (9th Cir. 1999). The plain meaning of the text controls unless it is ambiguous or leads to an absurd result. *See Coeur d'Alene Tribe of Idaho v. Hammond*, 384 F.3d 674, 692–94 (9th Cir. 2004); *SEC v. McCarthy*, 322 F.3d 650, 655 (9th Cir. 2003). To determine

the ordinary meaning of an undefined term, we may refer to dictionary definitions. *See United States v. Santos*, 553 U.S. 507, 511 (2008) (utilizing dictionary definitions).

The question here is what constitutes "pending" as that term is used in 18 U.S.C. § 2246(5)(A). We turn first to the dictionary definition. Some dictionaries define "pending" as not requiring an event to occur or be completed. "Pending" means "through the period of continuance . . . of" or "until the . . . completion of" when used as an adverb, and it means "in continuance" or "not yet decided" when used as an adjective. *Carey v. Saffold*, 536 U.S. 214, 219–20 (2002) (quoting Webster's Third New International Dictionary 1669 (1993)); *see also, e.g.*, *Black's Law Dictionary*, Bryan A. Garner, Editor-in-Chief (11th ed. 2019) (defining "pending" as "1. Throughout the continuance of; during . . . 2. While awaiting; until," (prep.), and as "1. Remaining undecided; awaiting decision" (adj.)). These definitions show that pending is commonly used to indicate an ongoing process with an awaited or expected decision in the future.

Of course, as the Supreme Court has repeatedly cautioned in the context of statutory interpretation, whether a term is ambiguous "does not turn solely on dictionary definitions of its component words." *Yates v. United States*, 574 U.S. 528, 537 (2015) (plurality opinion). Rather, "[t]he plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997). When analyzing a statute, we must "look to the provisions of the whole law" to determine the provision's meaning. *Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 137 S. Ct. 1002, 1010 (2017) (quoting *United States v. Heirs of Boisdoré*, 49 U.S. (8 How.) 113, 122 (1849)).

In the present case, the statutory context reveals that "official detention" is not limited merely to those who remain in custody after their immigration case is fully adjudicated and who are merely awaiting an inevitable removal. *See Parker Drilling Mgmt. Servs., Ltd. v. Newton*, 139 S. Ct. 1881, 1888 (2019) (holding that "the words of a statute must be read in their context and with a view to their place in the overall statutory scheme"). The definition of "official detention" includes individuals who are being held in federal custody while their case is being adjudicated, including detention "following arrest for an offense," "following a charge . . . of an offense," "following . . . an allegation . . . of juvenile delinquency," and "following civil commitment . . . pending resumption of criminal proceedings that are being held in abeyance." 18 U.S.C. § 2246(5)(A). Thus, the statutory context does not provide support for adopting a more narrow definition of "pending deportation."

Although we cannot find a federal case authoritatively defining "pending" in the context of 18 U.S.C. § 2246(5)(A), we note that the meaning of "pending" has been considered in other statutory contexts when the term is not defined. This too supports our interpretation. In *Carey*, the Supreme Court defined "pending" as "in continuance" or "not yet decided" when determining whether an application for habeas relief was timely. 536 U.S. at 219. Applying those definitions, the Court concluded that a habeas application was pending until it had "achieved final resolution." *Id*. at 220. Outside the habeas context, we have ruled that an action is pending so long as the parties' case has not reached its final resolution. For example, in *Beverly Community Hospital Ass'n v. Belshe*, 132 F.3d 1259, 1264–65 (9th Cir. 1997), we held that a statutory reference to "pending" lawsuits encompassed not only undecided cases at the district court level, but also cases

in the process of appeal. Both *Carey* and *Beverly* defined "pending" based on whether there was an active adjudication of the relevant dispute.

With this guidance, we conclude that deportation is "pending" for the purposes of 18 U.S.C. § 2246(5)(A) when the victims of the defendant's conduct are in unresolved deportation or removal proceedings. We interpret "pending" by giving the term its ordinary meaning. *See Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 137 S. Ct. 1002, 1010 (2017) ("We thus begin and end our inquiry with the text, giving each word its ordinary, contemporary, common meaning." (internal quotations omitted)). Thus, where, as here, the government had issued Notices to Appear in Immigration Court, Pacheco's victims were pending deportation until the completion of that process, whether it resulted in deportation or not. In other words, the case has not "achieved final resolution," *Carey*, 536 U.S. at 220, and the victims are "pending . . . deportation" insofar as the proceedings could result in their removal from the United States.

Our construction is consistent with common usage of the word "pending." For example, we often refer to nominations that are "pending Senate confirmation" even though there is no guarantee that a nominee will ultimately be confirmed. A nomination is "pending" before the Senate as soon as the process begins, even if the Senate adjourns without acting or rejects the nominee.

Pacheco's reliance on *Zavala v. Ives*, 785 F.3d 367 (9th Cir. 2015), does not change our analysis. There, we interpreted "official detention" within a credit sentencing statute to mean that a noncitizen was entitled to credit toward his sentence when the U.S. Immigration and Customs Enforcement Service ("ICE") detained him pending potential criminal prosecution, rather than pending

deportation in the sense of being removed from the country. *Id*. at 370–73. Unlike in *Zavala*, the victims here were in custody pending their civil deportation hearings; they were not detained for purposes of criminal prosecution. Moreover, we reject the argument that if Congress meant to refer to "official detention" as "pending . . . deportation ... proceedings," it was required to use that exact language. Pacheco opines that omission of the word "proceedings" implies that a final order of removal is necessary to be "pending . . . deportation." But the provisions that Pacheco cites as support for this argument, 18 U.S.C. § 3142(d)(2) and 8 U.S.C. § 1231(a)(3), are unrelated to the statutes at issue in this case. Accordingly, Pacheco's argument on this point is not persuasive.

## B.

The evolution of the statute over time affirms Congress' intent to broadly protect federal detainees from sexual abuse. The statutes of conviction were originally enacted as part of the Sexual Abuse Act of 1986, criminalizing aggravated sexual abuse, sexual abuse, and abusive sexual contact by any person "in the maritime and territorial jurisdiction of the United States or in a Federal prison." *United States v. Mujahid*, 799 F.3d 1228, 1232–33 (9th Cir. 2015) (quoting Sexual Abuse Act of 1986, Pub. L. No. 99-654, 100 Stat. 3660 (codified as amended at 18 U.S.C. §§ 2241–2244)). In 2006, Congress expanded the jurisdictional reach of the statutes to include offenses "in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the Attorney General." *Id*. at 1233 (quoting Violence Against Women and Department of Justice Reauthorization Act of 2005, Pub. L. No. 109-162, § 1177(a), 119 Stat. 2960, 3125 (2006) (codified as amended at 18 U.S.C. §§ 2241–2244)). In 2007,

Congress further extended the jurisdictional reach to encompass "any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency . . . ." *See* 18 U.S.C. §§ 2241–2244; Pub. L. 110-161, 121 Stat. 1844 (Dec. 26, 2007). That Congress has continually expanded the coverage of the statute also militates against Pacheco's request that we construe the statute narrowly.

## III.

Pacheco also contends that the district court erred in denying his Rule 29 motion because the evidence was insufficient to show that the minors were pending deportation. In determining whether evidence was insufficient to sustain a conviction, we consider whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

When viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the children in Pacheco's case were pending deportation. Pacheco argues that the children were ultimately united with sponsors in the United States, rather than deported. Nevertheless, the government presented testimony demonstrating that either ICE or Border Patrol had initiated removal proceedings against each of the minor victims. Those proceedings were ongoing when Pacheco's conduct occurred. Applying our construction of § 2246(5)(A), we hold that any rational juror could have reached the conclusion that the minors were "pending . . . deportation."

Accordingly, the district court did not err in denying Pacheco's Rule 29 motion.

\*     \*     \*

For the foregoing reasons and those set forth in our accompanying memorandum disposition, we affirm Pacheco's convictions on all counts.

**AFFIRMED**.