NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 13 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARIA ANDREA GONZALEZ, et al.,

Defendant-Appellant.

Nos.  19-30270, 20-30000
20-30018, 20-30044

D.C. Nos.  1:18-cr-02039-SAB-1
1:18-cr-02039-SAB-3
1:18-cr-02039-SAB-2
1:18-cr-02039-SAB-4

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Stanley A. Bastian, Chief District Judge, Presiding

Argued and Submitted September 1, 2021
Seattle, Washington

Before:  HAWKINS, TASHIMA, and McKEOWN, Circuit Judges.

Maria Andrea Gonzalez, Brooklyn Marie Hernandez-Proctor, Nicole Lee

Sunny Cloud, and Latisha Lavern Birdsong (collectively "Defendants") were state

and federal inmates housed at Yakima County Jail ("Yakima").  While there,

Defendants sexually assaulted a fellow federal inmate.  They were charged with

violating 18 U.S.C. § 2241(a)(1) and (2), conditionally pled guilty, and were

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

sentenced. Now, Defendants appeal the denial of their motions to dismiss their indictments and their criminal judgments, arguing that federal jurisdiction was lacking under Section 2241(a) and that Congress overreached in Section 2241(a) by criminalizing their conduct at a state jail. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo both the denial of a motion to dismiss an indictment, *United States v. Marguet-Pillardo*, 560 F.3d 1078, 1081 (9th Cir. 2009), and a challenge to a criminal statute for unconstitutional overreach of congressional authority, *United States v. Mujahid*, 799 F.3d 1228, 1232 (9th Cir. 2015).

Defendants argue that the government has not met the jurisdictional element of Section 2241(a), which proscribes sexual assault at facilities "in which persons are held in custody by direction of *or* pursuant to a contract or agreement with the head of any Federal department or agency." 18 U.S.C. § 2241(a) (emphasis added). Accordingly, the government needed to show that Yakima is a "facility in which persons are held in custody" either (1) "by direction of . . . the head of any Federal department or agency," or (2) "pursuant to a contract or agreement with the head of any Federal department or agency." *Id.* Because Yakima is a facility where persons, namely the victim, were held in federal custody by direction of the United States Marshal Service, the government has met the jurisdictional element of Section 2241(a).

Defendants also argue that 18 U.S.C. § 2241(a) is unconstitutional as applied to them. In *Mujahid*, we held that Section 2241 is facially constitutional because it is

> "a 'necessary and proper' means of exercising the federal authority that permits Congress to create federal criminal laws, to punish their violation, to imprison violators, to provide appropriately for those imprisoned, and to maintain the security of those who are not imprisoned but who may be affected by the federal imprisonment of others."

*Mujahid*, 799 F.3d at 1235–36 (quoting *United States v. Comstock*, 560 U.S. 126, 149 (2010)).

For the same reasons described in *Mujahid*, Section 2241(a) is constitutional as applied to Defendants—individuals in state and federal custody who sexually assaulted another federal inmate at the same facility. *See Mujahid*, 799 F.3d at 1235–36 (weighing the factors set forth in *Comstock* to determine whether Section 2241 is within the scope of Congress's authority). The federal government plainly has an interest in protecting federal inmates from sexual abuse. *See also United States v. Pacheco*, 977 F.3d 764, 769 (9th Cir. 2020) ("The evolution of [18 U.S.C. §§ 2241–2244] over time affirms Congress's intent to broadly protect federal detainees from sexual abuse.").

**AFFIRMED.**