**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

In the Matter of: ROGER A. EVANS; LORI A. STEEDMAN,
*Debtors,*

------------------------------

ROGER A. EVANS; LORI A. STEEDMAN,
*Appellants,*

v.

KATHLEEN A. MCCALLISTER, Chapter 13 Trustee,
*Appellee.*

No. 22-35216

D.C. No.
4:20-cv-00112-DCN

OPINION

Appeal from the United States District Court
for the District of Idaho
David C. Nye, Chief District Judge, Presiding

Argued and Submitted February 7, 2023
Portland, Oregon

Filed June 12, 2023

Before: MILAN D. SMITH, JR., DANIELLE J. FORREST, and JENNIFER SUNG, Circuit Judges.

Opinion by Judge Milan D. Smith, Jr.

## SUMMARY[*]

### Bankruptcy

The panel reversed the district court's judgment reversing the bankruptcy court's order requiring a standing Chapter 13 trustee to return her percentage fee when the case was dismissed prior to confirmation.

Joining the Tenth Circuit, the panel held that the trustee was not entitled to a percentage fee of plan payments as compensation for her work in the Chapter 13 case. 28 U.S.C. § 586(e)(2) provides that the trustee shall "collect" the percentage fee from "payments . . . under plans" that she receives. 11 U.S.C. § 1326(a)(1) provides for the debtor to make payments in the amount "proposed by the plan to the trustee." Section 1326(a)(2) provides that the trustee shall retain these payments "until confirmation or denial of confirmation." This section further provides that if a plan is not confirmed, the trustee shall return to the debtor any payments not previously paid to creditors and not yet due and owing to them. Section 1326(b) provides that, before or at the time of each payment to creditors under the plan, the trustee shall be paid the percentage fee under § 586(e)(2).

The panel held that, reading these statutes together, "payments . . . under plans" in § 586 refers only to payments

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

under confirmed plans.  Prior to confirmation a trustee does not "collect" or "collect and hold" fees under § 586, but instead "retains" payments "proposed by the plan" pursuant to § 1326(a)(2).  If a plan is not confirmed, then § 1326(a)(2) requires return to the debtor of payments "proposed by the plan."  If a plan is confirmed, then § 1326(b) provides for payment of the percentage fee to the trustee.  Thus, under the plain meaning of the statutory text, a trustee is not paid her percentage fee if a plan is not confirmed.  The panel concluded that statutory canons of construction, such as the rule against superfluities, and the provisions' amendment history confirmed its reading of the statutes.  And policy arguments made by the trustee were not enough to overcome the plain language and context of the relevant statutory provisions.

## COUNSEL

Alexandra O. Caval (argued), Caval Law Office P.C., Twin Falls, Idaho, for Appellants.

Mahesha Subbaraman (argued), Subbaraman PLLC, Minneapolis, Minnesota; Jeffrey P. Kaufman, Office of Kathleen McCallister, Meridian, Idaho; for Appellee.

Tara Twomey, National Consumer Bankruptcy Rights Center, San Jose, California; Matthew D. Resnik, RHM Law LLP, Encino, California; for Amici Curiae National Consumer Bankruptcy Rights Center and National Association of Consumer Bankruptcy Attorneys.

Henry E. Hildebrand III, Office of the Chapter 13 Trustee, Nashville, Tennessee, for Amicus Curiae the National Association of Chapter Thirteen Trustees.

## OPINION

M. SMITH, Circuit Judge:

In this case we decide whether a standing trustee in a Chapter 13 bankruptcy is paid her percentage fee when a case is dismissed prior to confirmation. For the reasons explained in this opinion, we join the Tenth Circuit in holding that she is not.

## STATUTORY FRAMEWORK

Chapter 13 bankruptcies provide debtors receiving a regular income an opportunity to pay off their debts while retaining their property. *Bullard v. Blue Hills Bank*, 575 U.S. 496, 498 (2015). To commence this type of bankruptcy, a debtor must file a petition with the court and— either at that time, or fourteen days thereafter—a proposed plan that outlines how he will pay off debts using his future income. *Id*.; 11 U.S.C. §§ 1321–1322; Fed. R. Bankr. P. 3015. Within thirty days of filing the plan or petition (whichever is earlier), the debtor must begin making plan payments to a Chapter 13 trustee. 11 U.S.C. § 1326(a)(1).[1]

After the plan is filed, the bankruptcy court must assess whether the proposed plan meets statutory standards to be "confirm[ed]," which is bankruptcy parlance for "approved." *Id*. § 1325. If the court confirms the plan, the trustee begins disbursing payments to creditors under the

---

[1] 11 U.S.C. § 1326(a)(1) refers to payments that must be made "not later than 30 days after the date of the filing of the plan or the order for relief." The filing of a voluntary Chapter 13 petition constitutes an order of relief, under which debtors may temporarily pause payments to creditors while the petition is pending. 11 U.S.C. § 301(b).

terms of the plan. *Id*. § 1326(a). If the court denies confirmation, the debtor may revise his plan to meet the requisite standards. *See Bullard*, 575 U.S. at 498. Alternatively, the debtor may move to dismiss his Chapter 13 case. 11 U.S.C. § 1307(b).

In most federal judicial districts, there is a "standing trustee" who supervises all the Chapter 13 cases in the district and plays a critical role in shepherding petitions through the bankruptcy process. *See id*. § 1302(a); 28 U.S.C. §§ 581, 586(b). Among other things, the trustee collects the debtor's payments, ensures that payments are timely made to creditors, and objects (when necessary) to plan confirmation. *Id*. § 1302(b) (cross-referencing the duties of Chapter 7 trustees under section 704(a)). As compensation for their work, standing trustees receive a percentage fee of plan payments. 28 U.S.C. § 586(e)(2). At issue here is whether a standing trustee is to be paid her percentage fee when a debtor dismisses his bankruptcy case prior to confirmation. Relevant to that question are three interrelated statutory provisions: 28 U.S.C. § 586(e)(2); 11 U.S.C. § 1326(a)(1); and 11 U.S.C. § 1326(b).

First, Section 586 of 28 United States Code describes the duties of the standing trustee. Relevant here, Section 586(e)(2) discusses the percentage-fee system:

> [The trustee] shall collect such percentage fee from all payments received by such individual under plans in the cases under subchapter V of chapter 11 or chapter 12 or 13 of title 11 for which such individual serves as standing trustee.

Second, Section 1326 of 11 United States Code lays out the mechanics of Chapter 13 plan payments. Section 1326(a) explains that debtors must begin making payments before confirmation, and states the effect of plan confirmation or denial:

> (a)(1) Unless the court orders otherwise, the debtor shall commence making payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier, in the amount—
>
> > (A) proposed by the plan to the trustee; . . . .
>
> (2) A payment made under paragraph (1)(A) shall be retained by the trustee until confirmation or denial of confirmation. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as is practicable. If a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor after deducting any unpaid claim allowed under section 503(b).[2]

---

[2] The Chapter 13 trustee's fee is not an administrative expense under Section 503(b), and the trustee has not argued that it is. *See In re Rivera*, 268 B.R. 292, 294 (Bankr. D.N.M.), *aff'd sub nom*, *Skehen v. Miranda (In re Miranda)*, 285 B.R. 344 (B.A.P. 10th Cir. 2001) (unpublished).

Finally, Section 1326(b) of 11 United States Code follows subsection (a) and cross-references Section 586 of 28 United States Code.   It provides:

> (b) Before or at the time of each payment to creditors under the plan, there shall be paid[]. . .  (2) if a standing trustee appointed under section 586(b) of title 28 is serving in the case, the percentage fee fixed for such standing trustee under section 586(e)(1)(B) of title 28.

## FACTUAL BACKGROUND AND PRIOR PROCEEDINGS

In this case, Roger Evans and Lori Steedman (Debtors) filed a Chapter 13 bankruptcy plan.  The plan provided that the fees of the standing trustee, Kathleen McCallister (Trustee), would be "governed and paid as provided by 28 U.S.C. § 586."   Consistent with 11 U.S.C. § 1326(a)(1), Debtors began making payments to Trustee according to the proposed plan, and Trustee collected a percentage fee from each payment as compensation.   Before the plan was confirmed, however, Debtors voluntarily dismissed their case.

After Debtors dismissed their case, they filed a "motion to disgorge fees," arguing that Trustee was obligated to return to them any fees she had collected because 11 U.S.C. § 1326(a) requires fees to be refunded if a plan is not confirmed.   The bankruptcy court agreed with Debtors and ordered Trustee to return the fees.     The district court reversed.  Debtors timely appealed.

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction pursuant to 28 U.S.C. § 158(d)(1). We stand in the same position as did the district court in reviewing the bankruptcy court's order. *See In re Ctr. Wholesale, Inc.*, 759 F.2d 1440, 1445 (9th Cir. 1985). We review the bankruptcy court's conclusions of law de novo. *In re Pizza of Haw., Inc.*, 761 F.2d 1374, 1377 (9th Cir. 1985).

## ANALYSIS

The question presented by this case is a matter of first impression in our circuit.[3]  It requires us to interpret the previously described statutes using principles of statutory construction.   "Statutory construction 'is a holistic endeavor,' and, at a minimum, must account for a statute's full text, language as well as punctuation, structure, and subject matter." *U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 455 (1993) (quoting *United Sav. Assn. of Tex. v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 371 (1988)).

## I.      Plain Text

We begin with the statutory text. *See United States v. Pacheco*, 977 F.3d 764, 767 (9th Cir. 2020).   "The plain meaning of the text controls unless it is ambiguous or leads to an absurd result." *Id.*

---

[3] The only other circuit to address it is the Tenth Circuit. *See In re Doll,* 57 F.4th 1129 (10th Cir. 2023).  An appeal presenting the same question is also pending before the Second Circuit. *See Soussis v. Macco*, No. 22-155 (2d Cir. argued Feb. 15, 2023).

## A.      Trustee and Debtors' Interpretations

The parties both argue that a proper interpretation of the word "collect" in 28 U.S.C. § 586(e)(2) controls this case.[4] The relevant language reads: "[The trustee] shall *collect* such percentage fee from all payments received by such individual under plans . . . for which such individual serves as standing trustee."    28 U.S.C. § 586(e)(2) (emphasis added).

According to Trustee, Section 586 directs her to collect—and *keep*—fees from payments made by debtors as she receives them, whether pre- or post- plan confirmation. For support, she argues that the word "collect" means "to receive payment." *Collect*, BLACK'S LAW DICTIONARY (5th ed. 1979).    Trustee also notes other laws where Congress qualified the word "collect" and argues that it purposely did not do so here. *See, e.g.*, 28 U.S.C. § 1914(b) ("The clerk shall collect . . . such additional fees *only as are prescribed* . . . ." (emphasis added)).    In her view, the unqualified use of the word "collect" indicates congressional intent for trustees to *irrevocably* collect their fees when they receive each payment prior to confirmation.

Debtors argue that if "collect" is read the way Trustee suggests—i.e., "irrevocably collect"—a conflict results between 28 U.S.C. § 586 and 11 U.S.C. § 1326(a)'s directive to return payments to the debtor if a plan is not

---

[4] Both Debtors and Trustee make a number of other arguments which we do not find persuasive.    For example, Trustee also relies on the "unqualified" nature of the words "under plans" in Section 586 to argue that she may extract her percentage fee not only from confirmed plan payments, but unconfirmed plan payments as well.    But as discussed *infra*, such a microscopic approach to interpretation ignores the broader context of the statutory scheme.

confirmed.  To avoid this conflict, Debtors urge us to adopt the bankruptcy court's interpretation.  Under that reading, Section 586(e)(2) directs the trustee to "collect and hold" fees from preconfirmation payments pending confirmation, while Section 1326(a) tells the trustee how to disburse payments once a decision on confirmation is made.  If a plan is confirmed, the payments (and fees) are distributed in accordance with the plan; if a plan is not confirmed, the payments (and fees) are returned to the debtors.

Trustee and Debtors' interpretations suffer from the same basic flaw: they both require us to add words to the statute that are not there.[5]  Trustee wants us to read "collect" as "irrevocably collect."  Debtors want us to read "collect" as "collect and hold."  We decline the invitation to do either. *See Lamie v. U.S. Tr.*, 540 U.S. 526, 538 (2004) (declining to "read an absent word into the statute"); *Doll,* 57 F.4th at 1144 (noting that trustee's argument amounted to "reading the word 'irrevocable' into the statute as an adjective defining 'collect'" and refusing to do so).  The word

---

[5] Moreover, the Debtors' reliance on Section 1326(a) as requiring return of payments (and fees) when a plan is "not confirmed" is difficult to square with the simple fact that the plan in this case was *not* "not confirmed," i.e., denied—it was voluntarily dismissed. *See Bullard*, 575 U.S. at 503 (distinguishing between legal effects of plan confirmation and denial and case dismissal).  As Trustee notes, Section 1326(a) only applies to denial of plan confirmation.  Section 1326(a)(2) begins by instructing the trustee to retain payments "until confirmation or denial of confirmation." The next two sentences start with the phrase "if a plan is confirmed," and "if a plan is not confirmed," suggesting that Congress equated a plan "not [being] confirmed" with "denial of confirmation." In this case, Debtors' plan had been neither confirmed nor denied when they voluntarily dismissed their case; therefore, even assuming that the word "payments" include the percentage fee, Section 1326(a)'s return mandate was not triggered.

"collect," in isolation, does not answer the question in this case.

## B.    NCBRC's Interpretation

The better approach, as proposed by amicus National Consumer Bankruptcy Rights Center and National Association of Consumer Bankruptcy Attorneys (NCBRC), is to read 28 U.S.C. § 586 and 11 U.S.C. § 1326 together. *See In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 731 (9th Cir. 2013) ("[S]tatutory provisions should not be read in isolation, and the meaning of a statutory provision must be consistent with the structure of the statute of which it is a part."), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015).  NCBRC contends that the phrase "payments . . . under plans" in Section 586, when read in the larger context of the Bankruptcy Code, refers only to payments under *confirmed* plans, rendering the provision irrelevant to the *pre-confirmation* period.  NCBRC suggests that to the extent this case implicates pre-confirmation payments, the place to look is instead Sections 1326(a) and (b).

Unlike Section 586, which refers to "payments . . . under plans," Section 1326(a)(1)(A) refers to payments "*proposed by* the plan."   And it instructs the debtor to commence making "payments . . . in the amount[] . . . proposed by the plan" no later than thirty days after the date of filing of the plan or the order for relief, whichever is earlier.

Accordingly, prior to confirmation, a trustee does not "collect" or "collect and hold" fees under Section 586, but instead "retains" payments "proposed by the plan" pursuant to Section 1326(a)(2).  *See* § 1326(a)(2) ("[P]ayment[s] made under paragraph (1)(A) shall be retained by the trustee until confirmation or denial of confirmation.")  If a plan is

not confirmed, Section 1326(a) requires return of "any such payments"—again referring to payments "proposed by the plan"—to the debtor, after deducting amounts previously paid and due and owing to creditors. *Id.* If a plan is confirmed, the trustee is to distribute payments in accordance with the plan. *Id.* §1326(a)(2).

Plan confirmation triggers one last and important provision, Section 1326(b). According to NCBRC, if a plan is confirmed—and *only* if a plan is confirmed—does 1326(b) require that the trustee "be paid" her percentage fee "[b]efore or at the time of each payment to creditors under the plan." Because payments are made "to creditors under the plan" only once a plan is confirmed, *id.* § 1326(a)(2), Section 1326(b) indicates that a standing trustee can be paid her percentage fee only after confirmation. Section 1326(b) also cross-references Section 586, which provides *the source of and the amount* (but not the timing) of trustee fees.

We generally agree with NCBRC's construction of the relevant statutes, which renders harmonious an otherwise fragmented scheme. *See United States v. Millis*, 621 F.3d 914, 917 (9th Cir. 2010) ("[W]ords must be read in their context, with a view to their place in the overall regulatory scheme, and to 'fit, if possible, all parts into an harmonious whole.'") (quoting *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000)). The plain text of Section 1326(b) unambiguously shows that it is the specific provision governing when a trustee "shall be paid": "before or at the time of each payment to creditors under the plan," which necessarily means post-confirmation of a plan.[6]

---

[6] Trustee attempts to leverage the phrase "before or at the time of each payment to creditors under the plan," in 1326(b) by deleting the words "or at the time" and arguing that 1326(b) instructs that trustees should be

Section 1326(a) only governs disposition of "payments . . . proposed by the plan," and Section 586 only provides that when a trustee *does* collect her fee pursuant to 1326(b), she does so by "collect[ing]" her fee "from all payments received" under confirmed plans.  *See* 28 US.C. § 586(e)(2)).

Moreover, NCBRC's interpretation is consistent with the opinion of the only other circuit to reach this issue.  In *Doll*, the Tenth Circuit read Section 586 as "only address[ing] the *source* of funds that may be accessed to pay standing trustee fees," while reading Section 1326 as "address[ing] Chapter 13 payments and *what happens* to that money, including . . . what happens to such payments if a Chapter 13 plan is not confirmed."  57 F.4th at 1140 (emphasis added).  Like our sister circuit, we conclude that a trustee is not paid her percentage fee if a plan is not confirmed.[7]  *Id*. at 1141.  In this case, because a plan was never confirmed, Trustee must return the fees she collected prior to dismissal.

---

paid "before" confirmation.  But "[a] court does not get to delete inconvenient language and insert convenient language to yield the court's preferred meaning." *Borden v. United States*, 141 S. Ct. 1817, 1829 (2021).  Instead, reading all of the words in Section 1326(b) shows that the percentage fee "shall be paid" "before or at the time of each payment to creditors under the plan."  Consequently, if a "payment[] to creditors under the plan" never occurs because a plan is never confirmed, it follows that a trustee does not get paid at all.  *See, e.g., Doll*, 57 F.4th at 1145.

[7] Although *Doll* did not address the precise argument raised by NCBRC here—that payments "under plans" in Section 586 only refers to payments under confirmed plans, 57 F.4th at 1144 n.9—we agree with its ultimate conclusion that "[Section] 1326(a)(2) requires the trustee to return . . . *all* of the pre-confirmation payments he receives" if a plan is not confirmed, "without first deducting his fee." *Doll,* 57 F.4th at 1141 (emphasis in original).

## II. Other Sources of Meaning

To the extent doubt remains about the meaning of Sections 586 and 1326, statutory canons of construction, such as the rule against superfluities, and the provisions' amendment history, confirm our reading.

"[T]he rule against superfluities instructs courts to interpret a statute to effectuate all its provisions, so that no part is rendered superfluous." *Hibbs v. Winn*, 542 U.S. 88, 89 (2004). Debtors argue that the difference between Section 1326(a) in Chapter 13 and analogous provisions that govern trustee payments in Chapter 12 and Chapter 11, Subchapter V bankruptcies reveals that Congress intended for trustees in Chapter 13 bankruptcies to return their fees in the event of dismissal.

Section 1226 of Chapter 12 establishes the relationship between a trustee fee and confirmation:

> (a) Payments and funds received by the trustee shall be retained by the trustee until confirmation or denial of confirmation of a plan. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan. If a plan is not confirmed, the trustee shall return any such payments to the debtor, **after deducting—**
>
> . . .
>
> **(2) if a standing trustee is serving in the case, the percentage fee fixed for such standing trustee.**

11 U.S.C. § 1226(a) (emphasis added).  Section 1194(a) of Chapter 11, Subchapter V, also titled "Payments," provides as follows:

> (a) Retention and distribution by trustee.— Payments and funds received by the trustee shall be retained by the trustee until confirmation or denial of confirmation of a plan.  If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan.  If a plan is not confirmed, the trustee shall return any such payments to the debtor **after deducting—**
>
> . . .
>
> **(3) any fee owing to the trustee.**

11 U.S.C. § 1194(a) (emphasis added).  Both provisions have language almost identical to Section 1326(a), but explicitly mandate that fees be paid to trustees regardless of plan confirmation.  Debtors thus argue that reading Section 1326(a) to require fee deduction absent similar language would render those instructions in 1226(a) and 1194(a) surplusage.

The analogous provisions in Chapter 12 and Chapter 11, Subchapter V, are evidence in Debtors' favor.  They show that Congress knew how to explicitly require payment of trustee fees in the event of non-confirmation—by requiring "deduct[ion]" of such fees—and suggest that it intentionally chose not to require the same in the Chapter 13 context.  *Cf. Hamilton v. Lanning*, 560 U.S. 505, 514 (2010) ("[W]e need look no further than the Bankruptcy Code to see that when

Congress wishes to mandate simple multiplication, it does so unambiguously—most commonly by using the term 'multiplied.'").

The amendment history of these provisions also supports Debtors' and NCBRC's interpretation. Congress has amended various provisions governing Chapter 13 payments and trustee fees several times. For example, in 1994, Congress amended Section 1326(a)(2) to require payments to creditors to begin "as soon as [] practicable" after confirmation. Bankruptcy Reform Act of 1994, Pub. L. No. 103-394, § 307, 108 Stat. 4106. In 2005, Congress amended Section 1326(a)(2) once more by, *inter alia*, adding the words "not previously paid and not yet due and owing to creditors pursuant to paragraph (3)." Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, §309, 119 Stat. 23.

Congress thus has had numerous opportunities to add language explicitly permitting a trustee to receive her fees even if a plan is not confirmed. Its failure to do so strongly evinces its intent not to require payment of trustee fees when a plan is not confirmed. *See Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1071–72 (2020); *Lindh v. Murphy*, 521 U.S. 320, 330 (1997) ("[N]egative implications raised by disparate provisions are strongest when the portions of a statute treated differently had already been joined together and were being considered simultaneously when the language raising the implication was inserted.").

## III.   Policy

Finally, the parties make several policy arguments. Trustee insists that this dispute risks ruining the "the financial survival of Chapter 13 trustees throughout the Ninth Circuit." According to her, permitting those debtors

who voluntarily dismiss their case prior to confirmation to avoid paying trustee fees "diminishes the total funds available to Chapter 13 trustees to help all debtors."  Fee avoidance, Trustee argues, will unfairly shift fees onto the remaining Chapter 13 debtors as a result.  Moreover, Trustee argues that holding in Debtors' favor would incentivize trustees to violate their duty to object to plans prior to confirmation, knowing that they only get paid if a plan is confirmed.

In response, Debtors argue that Trustee overstates the stakes of this case.  They note that, in practice, standing trustees had not been paid until plan confirmation from 1998 to 2012.  *See* DOJ., *Exec. Office for the U.S. Tr., Handbook for Chapter 13 Standing Trustees* 11-2 (1998) ("Percentage fees are to be paid to the standing trustee's expense account at the time of disbursements under the plan and not at the time of receipts of the payments by the standing trustee . . . .").  This policy was only changed recently, first in 2012 to permit fee collection prior to confirmation, and then in 2014 to permit collection of fees upon receipt of payment.  *See* Martha Hallowell, *Successful Projects in 2014 Include Training, Percentage Fee Policy and Unsecured Claims Review*, Exec. Office for U.S. Trs., https://www.justice.gov/ust/file/nactt_201503.pdf/download.  Notably, the current Chapter 13 Trustee Handbook contemplates the possibility of different practices based on different jurisdictions: "If the plan is dismissed or converted prior to confirmation, the standing trustee must reverse payment of the percentage fee that had been collected upon receipt if there is controlling law in the district requiring such

reversal . . . ." DOJ, *Exec. Office for the U.S. Tr., Handbook for Chapter 13 Standing Trustees* 2-4 (2012).**[8]**

There is no doubt that standing trustees perform important work in Chapter 13 bankruptcies. But "[i]t is hardly this [c]ourt's place to pick and choose among competing policy arguments . . . selecting whatever outcome seems to us most congenial, efficient, or fair. Our license to interpret statutes does not include the power to engage in . . . judicial policymaking." *United States v. Nishiie*, 996 F.3d 1013, 1028 (9th Cir. 2021) (citing *Pereida v. Wilkinson*, 141 S. Ct. 754, 766–67 (2021)), *cert. denied*, 142 S. Ct. 2653 (2022). Trustee's policy arguments are not enough to overcome the plain language and context of the relevant statutory provisions, which indicate that standing trustees are only to be paid once a plan is confirmed.

## CONCLUSION

For the foregoing reasons, the district court's judgment is **REVERSED.**

---

[8] No one argues that the interpretation in the Trustee Handbook should be given deference under *Chevron, U.S.A., Inc. v. NRDC, Inc*., 467 U.S. 837 (1984), or *Skidmore v. Swift & Co*., 323 U.S. 134 (1944)).